COMMONWEALTH *vs.* EDWARD P. LILLIS & others.

Middlesex.   May 3, 1965. — June 24, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Search and Seizure.*

An affidavit by an applicant for a search warrant for "One .32 caliber pistol and ammunition therefor" at a certain apartment in an apartment building disclosed the underlying facts showing probable cause to justify issuing the warrant where the affiant stated that in the opinion of a State police ballistics expert bullets fired in two separate hold ups and recovered had been fired from the same pistol, that the apartment was occupied by a man identified as having fired a bullet in the earlier hold up and was the place of arrest of another man identified as having fired a bullet in the later hold up, and that on such facts and "my person[al] knowledge" there was "probable cause to believe" that the pistol in question was "concealed in the apartment." [423–424]

A warrant for the search for a firearm at "the 1st 2nd floors and the basement of the apartment numbered 106 Pleasant St. Cambridge (occupied by)" a named person described the place of search with sufficient accuracy and was not invalid because in fact that apartment did not include the second floor. [425]

INDICTMENTS found and returned in the Superior Court on October 9, 1964.

Questions of law arising on motions to suppress evidence were reported by *Bolster, J.*

*Joseph J. Balliro* for William R. Bulger.

*Henry E. Quarles, Jr.,* for Louis J. Nikas.

*Ronald J. Chisholm* for Edward P. Lillis.

*Donald L. Conn,* Assistant District Attorney (*Ruth I. Abrams,* Assistant District Attorney, with him), for the Commonwealth.

WHITTEMORE, J.   These cases are before us on report of a judge in the Superior Court for determination whether on motions of each defendant[1] a pistol and a clip of ammu-

---

[1] The indictments were as follows: Lillis, armed robbery, assault with a dangerous weapon and armed assault with intent to murder; Nikas, accessory before the fact to these crimes; Bulger, accessory after the fact to the same crimes and unlawfully carrying a firearm.

nition therefor should be suppressed because found by the police during an allegedly illegal search under a search warrant issued by the Third District Court of Eastern Middlesex.

The warrant was for the search of "the 1st 2nd floors and the basement of the apartment numbered 106 Pleasant St. Cambridge (occupied by) Louis Nikas and of any person present who may be found to have such property [used as the means of committing a crime] in his possession or under his control or to whom such property may have been delivered, for the following property: One .32 caliber pistol and ammunition therefor used in the commission of a felony . . . ."

The affidavit on which the warrant was obtained set out, in substance, the following: Clarence Anderson, on August 20, 1964, had identified Nikas as the man who had fired a pistol shot at him at 634 Massachusetts Avenue, Cambridge. The next day a hole was found in a window in the office of one Dr. Thompson, 634 Massachusetts Avenue, and a bullet was recovered in the office. A filling station attendant named Pratt had identified Lillis as the man who, on September 14, 1964, had shot at and wounded him on the premises at 701 Somerville Avenue, Somerville. The bullet that wounded Pratt had been recovered. On September 14, 1964, prior to the hold up in Somerville, a shot was fired in the course of a hold up in Watertown and the bullet had been recovered. The three bullets had been examined and tested by a State police ballistic expert. In his opinion they were fired from the same gun. Lillis was arrested on September 16, 1964, at the home of Nikas. Based upon these facts and "my person[al] knowledge there is probable cause to believe that the pistol used in the shooting at Clarence Anderson is being concealed in the apartment of Louis Nikas at 106 Pleasant St. Cambridge, Massachusetts."

The gun and clip were found in the course of a search of the first floor apartment occupied by Nikas.

1. The affidavit supported the issuance of the warrant.

While a warrant may issue only upon a finding of "probable cause" this of course means less evidence than would justify a finding of guilt and the finding may rest upon evidence, such as hearsay, not legally competent in a criminal trial, but there must be some support for the affiant's belief in the credibility of the informant and the reliability of the information. *United States* v. *Ventresca,* 380 U. S. 102, 107–108, and cases cited. See *Commonwealth* v. *Lepore, ante,* 121, 123.

These requirements were met. It was reasonable to conclude that, probably, the bullet found in Dr. Thompson's office came from a gun fired by Nikas, the bullet that wounded Pratt was fired by Lillis, and the bullets were fired from the same gun; also that it was likely that the gun was in the apartment of Nikas where Lillis had been found and arrested. That the date of the attack on Anderson was not stated in the affidavit does not weaken the force of the facts alleged. The judge might infer that it had been a recent occurrence but, whenever it happened, the immediate association of Nikas and Lillis in the apartment, the identity of the gun used in the respective hold ups and the fact that the hold up of Pratt had occurred on September 14, are enough. Police officers would be derelict in their duty if they did not seek a warrant on such disclosures. The reliability of the information is patent. It is plainly inferable that the identification by Anderson and Pratt was made to the police. Victims may be mistaken in identifying those who attack them, but such identification in the course of police investigation may not be disregarded and justifies search and arrest.

It is unnecessary to determine how far information had by the judge who granted the warrant, as shown at the hearing on the motion to suppress, but not shown by the warrant, the application and the affidavit, may be considered in determining the validity of the warrant. See *Aguilar* v. *Texas,* 378 U. S. 108, 109, fn. 1; *Commonwealth* v. *Laudate,* 345 Mass. 169, 170, 172–173; *Commonwealth* v. *Lepore, ante,* 121, 123.

2. The warrant described the place of search with sufficient accuracy. The evidence showed that Nikas occupied the first floor apartment and used the basement to store personal property. The place to be searched was "the apartment numbered 106 Pleasant St. Cambridge (occupied by) Louis Nikas." This was described as having "1st 2nd floors and the basement." As, in fact, the apartment did not include the second floor the warrant did not authorize the search of the second floor. The holding of *United States* v. *Hinton,* 219 F. 2d 324, 326 (7th Cir.) (a warrant that describes an entire apartment building when cause is shown for searching only one apartment is invalid) is inapplicable. See also *State* v. *Ratushny,* 82 N. J. Super. 499, 504–507 (App. Div.). That, as the evidence showed, the police officer knew that Mrs. Nikas occasionally visited the family living on the second floor, was irrelevant. Even if that were the basis for including the second floor in the description, it did not change the meaning of the warrant. It purported only to authorize a search of the premises of Nikas. That search was justified.

3. We do not reach the issue whether Lillis, not being an occupant of the premises at the time of the search had no right of privacy in respect thereof and hence has no standing to object thereto. See *Jones* v. *United States,* 362 U. S. 257, 265–267; *Wong Sun* v. *United States,* 371 U. S. 471, 492.

4. The motions to suppress are to be denied.

*So ordered.*