COMMONWEALTH *vs.* DAVID J. CUDDY
(and nine companion cases [1]).

Suffolk.   October 3, 1967. — November 22, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, SPIEGEL, &
REARDON, JJ.

*Search and Seizure.*

Probable cause for issuance of a warrant for search of premises of the
defendant in a criminal case was shown by an affidavit setting forth
in substance that information "from a source . . . proven reliable in
the past" had been received as to a robbery perpetrated by two men,
one of whom was identified by the informant as the defendant, that
such information was corroborated by information given by the victim
to police as to the circumstances of the robbery, that the victim
identified from a picture one of the robbers who had expelled gas in
his face from a cylinder at the time of the robbery, that the police
knew "of their own knowledge" that the person so identified and the
defendant were "close associates," and that the defendant and the
other person had "guns used in this robbery and other crimes secreted
in their homes." [308–309]

A search warrant was not invalidated by the fact that it contained a more
detailed description of the property involved than a general descrip-
tion thereof contained in the affidavit by the applicant, where the
more particular description was within the general description. [309]

Where a search under a search warrant was proper and articles disclosed
by the search were such as to show probable cause for a legal arrest, a
search incident to the arrest was also proper. [309]

TEN INDICTMENTS found and returned in the Superior
Court on April 7, 1967.

Certain questions were reported by *Cahill, J.*

*Joseph J. Balliro* for the defendants.

*Robert Snider,* Assistant District Attorney, for the Com-
monwealth.

REARDON, J.   There have been reported to us for de-
cision under G. L. c. 278, § 30A, questions arising out of ten
indictments of the defendants for possession of burglarious

[1] Five of the companion cases are entitled Commonwealth *v.* David J. Cuddy
and four are entitled Commonwealth *v.* Alberta A. Cuddy.

instruments and for receiving stolen goods. Motions by the defendants to suppress evidence were heard before a judge of the Superior Court, at which hearing the evidence presented was based upon the face of the search warrant and the affidavits upon which the warrant was based. Two affidavits are involved, one pertaining to David Cuddy and one to Alberta Cuddy. As both are identical we shall refer only to the one pertaining to David Cuddy and our comments will apply with equal force to both. Three questions have been propounded: "1. Does the affidavit set forth sufficient facts to warrant a finding of probable cause to issue a search warrant? 2. Does the difference between the property sought to be searched for as described in the affidavit and the property described and authorized to be searched for by the search warrant require that the search and seizure be declared invalid? 3. Are there sufficient facts recited in the affidavit to justify a search and seizure incidental to a lawful arrest?"

The pertinent language contained in the affidavit reads as follows: "[1] On Feb. 28, 1967, Sergt. Walsh received information from a source that has proven reliable in the past, that two men known to the officers had robbed the owner of a Liquor store in Medford on Sat. night Feb. 25'th and obtained about $3000. [2] The informant further identified these men as David Cuddy and Kenny Baker. [3] With this information the officers went to the Medford Police where Sgt. Hanley informed them that on Sat. evening on the 25'th of Feb. the owner of a Liquor store, identified as Frank Coliano of 16 Traincroft Rd. Medford, while in front of his home a white male, about 6'2", 225 lbs. pointed a silver colored cylinder at him which expelled a gas into his face. [4] At that point a second white male a little shorter, took the bag containing $2300 in cash and about $800, in checks and left in a dark colored Convertible Auto, make and reg. unknown. [5] The officers on this date went to Coliano's home and showed him about 12 pictures of males including pictures of Cuddy and Baker, and Coliano identified the picture of Baker as the #1 man that

assaulted and robbed him.  [6] Sgt. Walsh and his brother officers know of their own knowledge that Cuddy and Baker are close associates.  [7] The informant further stated that both Cuddy and Baker have guns used in this robbery and other crimes secreted in their homes. . . . Based upon the foregoing reliable information (and upon my personal knowledge) there is probable cause to believe that the property hereinafter described as: a tear gas gun, described as silver in color about $1\frac{1}{2}'' \times 10''$, and other firearms . . . is stolen property and may be found (in the possession of David Cuddy or any other person) at the premises there situate and numbered 229 Marlboro St. City and further described as follows: as the fourth floor in a five story dwelling house, located at 229 Marlboro Street, City. . . . [8] The property for which I seek the issuance of a search warrant is the property described above."

The warrant itself authorized a search "of the rooms in the fourth story of a certain building . . . numbered two hundred and twenty-nine in Marlborough street, this being a five story brick building, (said building being occupied by one David Cuddy) and to search the person of said Cuddy" for property which the warrant described as "property or articles stolen, embezzled or obtained by false pretences, or described as follows: three twenty-two calibre revolvers, 1 twenty-five calibre pistol, 1 depositors money bag #134 containing cash and checks to the value of $3100. — 1 tear gas gun, silver in color — $1\frac{1}{2}$ inches by ten inches in size."

On the day of the issuance of the warrant, and by virtue of it, a large number of items were seized at 229 Marlborough Street, including various implements and tools (such as a pry bar, shears, hacksaw blade) customarily useful in the occupation of burglary, and including also several twenty-five calibre pistols and a number of twenty-two calibre revolvers, in addition to guns of other description and assorted ammunition.

1. In testing and interpreting this warrant, which without question could have been drawn in such a manner as to

contain more complete basic information, we are well aware that a purely conclusory affidavit will not suffice and that the underlying circumstances giving rise to the affiant's belief must be stated. *Aguilar* v. *Texas*, 378, U. S. 108. There also should be compliance with the requirements of G. L. c. 276, § 2B. We are nonetheless mindful that we should view it "in a commonsense and realistic fashion." *United States* v. *Ventresca*, 380 U. S. 102, 108. The establishment of probable cause does not require evidence necessary to justify a criminal conviction, *Commonwealth* v. *Lillis*, 349 Mass. 422, 424, *United States* v. *Ventresca, supra,* at p. 107, and may be hearsay as long as there is a "substantial basis for crediting the hearsay." *Jones* v. *United States*, 362 U. S. 257, 272. The affidavit is to be dealt with in its entirety and in our view the information which it contains, considered in toto, together with inferences which a magistrate reasonably could have drawn, afforded a proper basis for him to conclude the existence of probable cause. *Commonwealth* v. *Moran, ante,* 166.

It appears from the affidavit that the informant, who was dubbed reliable, stated to the affiant that a robbery had occurred at a given time and place with certain results in which two men, including the defendant David Cuddy, had participated. That a robbery had occurred at the time and place stated by the informant with the results alleged by him was corroborated when the affiant visited the Medford police, and to that extent the informant was proved reliable. *Jones* v. *United States*, 362 U. S. 257, 271. Thereafter, according to the affidavit, the victim identified Baker from pictures shown to him. Since gas had been expelled in his face by Baker at the time of the robbery, there was reasonable basis for the magistrate to conclude why Coliano identified but one of his two assailants. The information possessed by the affiant prior to the application to the magistrate thus was proved reliable as his investigation proceeded. The affidavit further sets forth the statement of the informant "that both Cuddy and Baker have guns used in this robbery . . . secreted in their homes" and that the

affiant and his brother officers knew Cuddy and Baker to be close associates. While no underlying facts are stated to substantiate the knowledge of the police of them as "close associates," i.e., partners in crime, when such knowledge is taken in conjunction with information from the informant, who in other respects was proved reliable, that both had taken part in the robbery, it is our view that sufficient was set forth for the magistrate to conclude that a proper warrant might issue. See *Commonwealth* v. *Moran, ante,* 166. Compare *Commonwalth* v. *Penta,* 352 Mass. 271, 274, where the affidavit set forth solely that the police officer had information or personal knowledge without any disclosure of its source. On balance we thus view the affidavit as complying with the requirements of G. L. c. 276, § 2B, in so far as it establishes probable cause for the involvement of Cuddy. The language of the affidavit and the warrant was sufficient to justify a legal search and seizure of the items which it produced.

The more detailed description of the revolvers and the money bag found in the warrant is harmless in that it further narrows the scope of the permissible search, and the particular description is within the more general one contained in the affidavit. *State* v. *Constanzo,* 76 Idaho, 19, 22. The fact that the more particular description must have been given orally to the magistrate is of no consequence here in that the additional information had no bearing on the issue of probable cause. See *Commonwealth* v. *Monosson,* 351 Mass. 327.

2. Since we hold that the affidavit and warrant justified a search and seizure, and since the items seized by authority of the warrant are such that, in the circumstances, probable cause for a legal arrest clearly came into being, it is plain that a search incident to the arrest was proper.

We thus answer question No. 1, "Yes"; No. 2, "No"; No. 3, "Yes."

*So ordered.*