COMMONWEALTH *vs.* JOHN JOSEPH VON UTTER, JR. (and five companion cases against the same defendant).

Barnstable. January 6, 1969. — April 9, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Search and Seizure. Constitutional Law,* Search and seizure. *Probable Cause.*

Statement of basic principles underlying the establishment of probable cause for the issuance of a search warrant. [599–600]

An affidavit by an applicant for a search warrant for narcotic drugs in the possession of a defendant in a particular automobile showed probable cause for the issuance of the warrant where it contained statements of information received from a "confidential informant" who was "an admitted user" and associated with users and had "a user's knowledge of narcotics," including information that the defendant would be operating such automobile, containing described narcotics, in a certain town between specified dates, and further contained statements of corroborative information received from a named detective and from narcotic agents of the Massachusetts and Connecticut State police. [601–602]

INDICTMENTS found and returned in the Superior Court on April 2, 1968.

A pre-trial motion to suppress evidence was denied by *Hudson,* J., and the cases were heard by him.

*Kevin M. Keating* for the defendant.

*Peter B. Gay,* First Assistant District Attorney, for the Commonwealth, submitted a brief.

REARDON, J. In deciding this matter we once again deal with questions involving the sufficiency of a warrant which have produced such extensive case literature in recent years. The defendant was tried before a judge of the Superior Court on six indictments charging violations of the narcotic drug law, G. L. c. 94. A pre-trial hearing was held on his motion to suppress evidence obtained by means of a search warrant on the grounds that the application for the warrant did not contain facts sufficient to constitute probable cause, that the warrant authorized a general search, and that the affidavit supporting the application for the warrant did not describe the contraband sought. The motion was denied, an exception was taken, and following trial the defendant was found guilty on all indictments save one alleging conspiracy to violate the narcotic drug law. We consider whether the search made pursuant to the warrant was in violation of G. L. c. 276, § 2B, and the Fourth and Fourteenth amendments to the Constitution of the United States.

The application for the warrant was made by a Provincetown police officer on the standard form on March 14, 1968, and alleged that probable cause existed to believe that certain narcotics were concealed and might be found in the possession of the defendant in an automobile registered to one Katherine M. Von Utter of Greenwich, Connecticut. Attached to the application, explaining the source of the applicant's belief that probable cause existed, was the following affidavit. "1. Information received from a confidential informant who is an admitted user and is known by me personally to associate with convicted narcotic users, and the informant admittedly associates with convicted users, who have past convictions for narcotic violations, and who has a user's knowledge of narcotics. 2. Information received by me from Detective Robert Silva, who has information from a reliable informant as to dates of parties and names of persons in attendance to conform with the same type of information received from my confidential informant. 3. And information received from State Police Connecticut Narcotics Agents, Trooper Hall and Trooper Reynolds that

John Joseph Von Utter is known to associate with convicted narcotic users. 4. Information from my confidential informant that John Joseph Von Utter will be operating a white VW 2 door sedan, Connecticut registration JJVU in Provincetown sometime between March 8–10, 1968 and will be containing a quantity of Marijuana, a Narcotic Drug and a quantity of Hallucinogenic Drug known as LSD (lysergic acid diethylamide). 5. All of the information received by me from my confidential informant has been confirmed by Narcotic Agents of the Massachusetts State Police and Connecticut State Police regarding the reputation of John Joseph Von Utter and the cars owner and description, color registration number." The warrant was issued from the Second District Court of Barnstable on the date of the application and a return was made on March 16, 1968, which described seizure of an inventory including marijuana, pills, pipes and vials on that day from the automobile described in the warrant.

The defendant now challenges the affidavit, alleging that it lacks a recitation of sufficient basic facts, that it is not clear whether the unidentified informant "spoke with personal knowledge or in turn received this information from someone else," that the affiant assuredly did not speak from his own personal knowledge, that the warrant was issued four or five days after the defendant was supposed to arrive in Provincetown, that there was nothing in the affidavit to indicate the reliability of the informant, and nothing to indicate that point of time when the affiant received his information from the informer.

We refer to certain basic principles. "The establishment of probable cause does not require evidence necessary to justify a criminal conviction." *Commonwealth* v. *Cuddy*, 353 Mass. 305, 308. *Commonwealth* v. *Lillis*, 349 Mass. 422, 424. *United States* v. *Ventresca*, 380 U. S. 102, 107. However, the affiant must produce more than a mere statement of belief. He is required to set forth the underlying circumstances which produce the belief. *Commonwealth* v. *Dias*, 349 Mass. 583, 584. *Commonwealth* v. *Cuddy, supra,*

at pp. 307–308.   G. L. c. 276, § 2B, as amended through
St. 1965, c. 384.   *Aguilar* v. *Texas,* 378 U. S. 108, 114.   If the
application lacks underlying facts, information and cir-
cumstances, and indication of the source of the applicant's
information or personal knowledge, the warrant is invalid.
*Commonwealth* v. *Rossetti,* 349 Mass. 626, 632.   *Common-
wealth* v. *Penta,* 352 Mass. 271, 274.   *Lee Art Theatre, Inc.* v.
*Virginia,* 392 U. S. 636, 637.   Hearsay may be relied upon
to establish probable cause.   *Commonwealth* v. *Lillis, supra,*
at p. 424.   *United States* v. *Ventresca, supra,* at p. 108.
Furthermore, information provided by one who is a potential
codefendant of the person to be searched may be relied upon
to establish probable cause, *Commonwealth* v. *Lepore,* 349
Mass. 121, *Commonwealth* v. *Lillis, supra,* at p. 424, *United
States* v. *Ventresca, supra,* at p. 108, as well as information
coming to the affiant from police sources.   *Commonwealth* v.
*Penta, supra,* at pp. 275–276.   Compare *Commonwealth* v.
*Rossetti, supra.*   The designated source of the information
must be sufficiently described to enable the individual issu-
ing the warrant to make the threshold determination of
probable cause.   *Aguilar* v. *Texas, supra,* at p. 114.   Upon
these rules as stated is superimposed the application of
common sense.   The saving language of the *Ventresca* case
illuminates the proposition that, where an affidavit is not
purely conclusory, reviewing courts should be slow to jetti-
son warrants which lack "elaborate specificity."   Every
effort should be made to draft each application in accordance
with constitutional and statutory requirements but the rigors
of an average criminal investigation are not to be intensified
by a pecksniffian attention to noncrucial detail on review.
Basic constitutional rights are not abraded by such an ap-
proach in the review of warrants.

In this instance, the officer who was the applicant re-
ceived his information from an informant who admitted to
the use of drugs and who was known to the affiant to as-
sociate "with convicted narcotic users."   The informant had
had "a user's knowledge of narcotics," a phrase capable of
broad interpretation.   The applicant further received in-

formation from a named fellow police officer on which he was entitled to rely who had in turn information on the "dates of parties and names of persons in attendance" which conformed to the information which his confidential informant had given to him. The distinction between the facts in the *Rossetti* case and those before us is that in this case the source of the hearsay police report is named and the information thus elicited tends to corroborate what the initial informant had already advised the applicant. It places no strain on the magistrate issuing the warrant to conclude that the "parties" referred to had to do with drugs rather than birthdays. The confidential informant gave specific information which tended to place the defendant with the car containing marijuana and LSD (which was ultimately searched in Provincetown) between March 8 and 10, 1968. The connection of the defendant with convicted drug users was confirmed by certain Connecticut State Police narcotics agents, who were named in the affidavit, and the description of the car was further confirmed by them, as well as by unnamed narcotics agents of the Massachusetts State Police. We are not impressed by the defendant's argument relative to the time lag from March 10 to March 16, when the search was made. The language of the affidavit indicates that an estimate of the arrival of the defendant with his wares in Provincetown was being made by the applicant. To hold the applicant to the statement of a day certain relative to searches such as this would be to approach the absurd.

In short, it is our view that the judge did not err in viewing the language of the application sufficient to validate the warrant which was issued. The defendant has argued strongly the similarity between the affidavit here and that in *United States ex rel. Rogers* v. *Warden of Attica State Prison,* 381 F. 2d 209 (2d Cir.), wherein a warrant was held invalid in that "it did not contain a statement that the informant spoke from personal knowledge when he reported that . . . [the defendant] was selling drugs in his apartment, nor was any information presented from which the magistrate might properly have inferred that this was so."

P. 217. Here, although there is no assertion of personal
knowledge on the part of the unnamed informant, who cor-
rectly prophesied the descent of the defendant upon Prov-
incetown, named law enforcement officers are cited as know-
ing themselves that the defendant associated with narcotic
users and apparently attended parties involving drug viola-
tions. We view this corroboration as sufficient explanation
of underlying circumstances to distinguish this case from
the *Rogers* case and to justify a finding of probable cause by
the magistrate.

On January 27, 1969, three weeks after argument of this
case, the Supreme Court of the United States decided
*Spinelli* v. *United States*, 393 U. S. 410, and the defendant's
counsel has since urged upon us that the *Spinelli* case is
dispositive of this one in favor of the defendant. He has
called to our attention certain similarities in the affidavits.
In the *Spinelli* case the affidavit related a history of sur-
veillance of Spinelli's activities, all of them innocent enough
by themselves, and stated that Spinelli was known to the
affiant and to Federal and local law enforcement agents to
be a gambler, a bookmaker, and an associate of bookmakers
and gamblers. This latter assertion was characterized by
Mr. Justice Harlan for the majority as "a bald and unil-
luminating assertion of suspicion that is entitled to no weight
in appraising the magistrate's decision." Finally, the af-
fidavit concluded, "The Federal Bureau of Investigation
has been informed by a confidential reliable informant that
William Spinelli is operating a handbook and accepting
wagers and disseminating wagering information by means of
the telephones which have been assigned the numbers
WYdown 4-0029 and WYdown 4-0136." The majority
opinion stresses that the magistrate was given no reason in
support of the conclusion that his informant was "reliable."
In the present case, however, the affiant knew his informant
to be a user of drugs and an associate of convicted users of
narcotics. Here there exists a strong likelihood that the
informant, a longtime drug user, would be thoroughly fa-
miliar with the sources of supply. It was reasonable to rely

on information furnished by such a drug user. In the *Spinelli* case the court distinguished the fact situation of *Draper* v. *United States*, 358 U. S. 307. In the *Draper* case the informer did not state how he obtained his information but stated that Draper had gone to Chicago "the day before by train and that he would return to Denver by train with three ounces of heroin on one of two specified mornings." The informer described with particularity the clothes Draper would be wearing on his return. The court then said, "A magistrate, when confronted with such detail, could reasonably infer that the informant had gained his information in a reliable way." In the present case the informant described with particularity the car which the defendant would be operating in Provincetown, giving its registration, its contents, and an estimated time of arrival. We are of opinion that the *Draper* facts are more closely similar to those in the one at bar than the facts in the *Spinelli* matter. As Mr. Justice Harlan has pointed out, while the *Draper* case "involved the question whether the police had probable cause for an arrest without a warrant, the analysis required for an answer to this question is basically similar to that demanded of a magistrate when he considers whether a search warrant should issue." We conclude that the affidavit in the present case is not invalid under the *Spinelli* decision.

*Exceptions overruled.*