John VON UTTER, Jr., Petitioner,

v.

Donald P. TULLOCH, Respondent.

Misc. Civ. No. 69–45.

United States District Court
D. Massachusetts.

Oct. 7, 1969.

Joseph S. Oteri, Crane, Inker & Oteri, Boston, Mass., for petitioner.

Herbert E. Tucker, Cardozo & Tucker, Boston, Mass., Jack Greenberg, Norman J. Chachkin, New York City, Lawrence Kotin, Boston, Mass., of Counsel: Michael Altman, Charles H. Jones, Jr., Cambridge, Mass., Faden, Harriet A. Verbin and Donald, for respondent.

## OPINION

J. W. FRANCIS FORD, District Judge.

Petitioner in this habeas corpus proceeding is now confined in the Barnstable House of Correction under a one year sentence imposed by the Massachusetts Superior Court upon his conviction, after a trial without jury, of possession of narcotics in violation of Massachusetts law. His conviction was affirmed by the Massachusetts Supreme Judicial Court, Commonwealth v. Von Utter, 1969 Mass. Adv.Sh. 559, 246 N.E.2d 806.

Petitioner, by motion to suppress in the trial court, and again in his bill of exceptions on appeal, has raised in the state courts the sole issue which he raises here, whether or not certain narcotics and related paraphernalia were lawfully seized during a search of his automobile on March 16, 1968. The trial court denied the motion to suppress and the evidence was admitted. It seems to be agreed that with this evidence, there was sufficient evidence to justify petitioner's conviction, and that without such evidence there would not have been sufficient evidence to convict.

The plaintiff's car was searched and the property in question was seized by Provincetown police acting under a search warrant issued on March 14, 1968 by the Second District Court of Barnstable, issued on the application and affidavit of police Sergeant Meads. The factual basis for the issuance of the warrant was set forth in an attachment to the sergeant's affidavit which read as follows:

"1. Information received from a confidential informant who is an admitted user and is known by me personally to associate with convicted narcotic users, and the informant admittedly associates with convicted users, who have past convictions for narcotic violations, and who has a user's knowledge of narcotics.

2. Information received by me from Detective Robert Silva, who has information from a reliable informant as to dates of parties and names of persons in attendance to conform with the same type of information received from my confidential informant.

3. And information received from State Police Connecticut Narcotics Agents, Trooper Hall and Trooper Reynolds that John Joseph Von Utter is known to associate with convicted narcotic users.

4. Information from my confidential informant that John Joseph Von Utter will be operating a white VW 2 door sedan, Connecticut registration JJVU in Provincetown some time between March 8–10, 1968 and will be containing a quantity of Marijuana, a Narcotic Drug and a quantity of Hallucinogenic Drug known as LSD (lysergic acid diethylamide).

5. All of the information received by me from my confidential informant has been confirmed by Narcotic Agents of the Massachusetts State Police and Connecticut State Police regarding the the reputation of John Joseph Von Utter and the cars owner and description, color registration number."

It is petitioner's contention that the search warrant here did not justify the seizure because the warrant itself had been issued without probable cause. Whether or not there existed probable cause is a question to be settled solely on the basis of the facts set forth in the previously quoted attachment to Sergeant Mead's affidavit.

█ The court concludes that the affidavit, including its attachment, did not set forth sufficient grounds to afford a constitutional basis for a finding of probable cause. The facts here closely resemble those in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637. The affidavit in that case set forth much more than the affidavit in this case in the way of background material including observations of Spinelli's movements over several days and an assertion that Spinelli was known to law enforcement officers as a gambler and bookmaker and an associate of gamblers and bookmakers. All these, however, afforded no more than grounds for suspicion. The essential statement was that the FBI had been informed by a confidential, reliable informant that Spinelli was engaged in a certain apartment in operating a handbook and accepting wagers. This was held to be insufficient since the affidavit did not set forth facts to justify an inference that the informant could be considered generally trustworthy or to indicate how he came by the information he gave to the FBI.

Here the essential statement in the affidavit is contained in the fourth paragraph, i. e. that a confidential informant had given the affiant information that Von Utter would be in Provincetown in a certain car sometime between March 8–10, 1968 and would then have in the car marihuana and LSD. There is nothing to indicate how the informant purported to know this. He may have been told by Von Utter himself to expect him with narcotics at a specified time and place, or, as Spinelli points out, he might have been merely passing on a casual rumor circulating in the underworld. Nothing in the affidavit indicates on what facts the informant's statement was based.

Moreover, the affidavit does not set forth any factual basis to support a finding that the informer's tip was reliable. The statements that the informant was a drug user, an associate of drug addicts and familiar with their activities, shows, of course, that he was in a position where it was possible for him to acquire information about Von Utter's future activities. There is, however, nothing to indicate that the information he passes on is trustworthy. There is no statement that he has in the past given information which investigation showed to be true. There is an assertion that the affiant believes him to be reliable. This is not enough. The decision whether or not to believe the tip is not for the officer but for the magistrate who issues the warrant. He must make the decision not by simply adopting the officer's conclusion, but upon facts set forth in the affidavit which justify the conclusion. Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436.

It is true that Von Utter did appear in Provincetown at least a few days after the informant said he would and in the car informant said he would be driving. But from the facts in the record we know this only because on March 16 the car was searched and Von Utter arrested in Provincetown. There is nothing in the affidavit to suggest that he had in fact arrived at the time the warrant was issued. Hence, this is not a case where, as in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, certain details of the informant's tip had been verified to the extent that it was reasonable to conclude that the remainder of his statement was probably true.

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U.S. 257 [80 S.Ct. 725, 4 L.Ed.2d 697], the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528 [84 S.Ct. 825, 11 L.Ed. 2d 887], was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' Giordenello v. United States, supra, [357 U.S. 480] at 486 [78 S.Ct. 1245, 2 L.Ed.2d 1503 at 1250]; Johnson v. United States, supra, [333 U.S.] at 14 [68 S.Ct. 367], or as in this case, by an unidentified informant." Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

The conclusion is that the affidavit here did not set forth facts to justify a finding of probable cause for the issuance of a search warrant. If nothing else was involved the further conclusion would be that the search was unjustified, and that petitioner's conviction on the basis of evidence uncovered by this search was in violation of his constitutional rights. Respondent urges, however, that even if the search was improper under the search warrant, it could still be justified as an incident to the arrest without an arrest warrant of Von Utter, which it is contended was justified. This contention appears to have been raised for the first time in this court. In the state courts the prosecution relied solely on the search warrant as justifying the search and seizure. Thus at the trial, while there was some testimony as to the circumstances of the arrest, the factual situation was not fully developed, and respondent urges that it should have an opportunity for a further factual hearing in the state court. It is doubtful whether in any event the state, having chosen to rely solely on the warrant, should be allowed at this late date to attempt to justify the search and seizure on different grounds. Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503.

In substance, it appears from statements of counsel that the state contends that on March 16, as Von Utter was walking from a drugstore toward his car, he was approached by police officers who told him they had a search warrant for the car, that Von Utter then grabbed certain contraband from the car and fled, and was immediately pursued and arrested. Assuming the arrest was lawful, it still does not appear to justify the search. Since Von Utter was arrested only after he had fled from the car, it is doubtful whether at the time of the arrest the car was within the narrowly circumscribed area to which a search incident to an arrest may be lawfully extended. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685.[1]

■ Respondent argues that Giordenello should not be followed here since special circumstances exist for following another course in this case. It is argued that *Spinelli* was decided after the trial of this case, and that the state should now be given a new opportunity to justify the search and seizure on other grounds. This argument would have merit if *Spinelli* represented a substantial change in the law of search and seizure which could not have been anticipated at the time the prosecution decided to rely on the search warrant. This is not the case, however. *Spinelli* represents no sub-

---

1. No contention seems to be made that any contraband seized on his person, as distinguished from what was seized from the car, would support the conviction, apart from the evidence seized in the search of the car.

stantial change in the law, but is merely a particular application of principles which the Supreme Court had already enunciated several years before in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

The writ of habeas corpus will issue and respondent will be ordered to release the petitioner forthwith.