COMMONWEALTH vs. JOHN T. ELLIS.

Suffolk.   December 1, 1969. — January 7, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & QUIRICO, JJ.

*Search and Seizure.   Narcotic Drugs.*

An affidavit by an applicant for a search warrant for narcotic drugs in
the home of the defendant in a criminal case, known as "Little John"
"by persons and addicts involved in the illicit traffic of narcotics"
and "currently considered the major source of the supply" of nar-
cotics in a certain area, complied with the requirements of G. L. c. 276,
§ 2B, as amended through St. 1965, c. 384, and showed probable cause
for issuance of the warrant where it contained pertinent information
supplied by reliable informants of the affiant which was corroborated
by his personal observations and other circumstances described in de-
tail, and accounts of the affiant's meetings with and observations of
the defendant shortly before the application for the warrant which
disclosed a continuing pattern of behavior by the defendant with re-
spect to narcotics and continuous surveillance of him by the police.
[577–578]

Conviction of a defendant for possession of heroin with the "intent un-
lawfully to sell" in violation of G. L. c. 94, § 212A, was warranted by
evidence of the finding by police in the defendant's apartment of many
glassine bags of heroin, several empty sheets of glassine bags, another
bag of heroin, and equipment for processing heroin, of the finding of
bags of heroin in the possession of two alleged "pushers" of the de-
fendant which they "had just picked up" at his apartment, and of the
finding of "a bundle" of heroin in the possession of two men "coming
from the . . . [defendant's] apartment."   [578–579]

Conviction of the defendant upon an indictment for possession of mor-
phine with the "intent unlawfully to sell" in violation of G. L. c. 94,
§ 217B, was not warranted by evidence merely that a police officer
"found in one of the drawers in the [defendant's] bedroom" a vial on
which there was a "prescription" and which held six "dolophine tab-
lets" containing "Methadon," a morphine derivative.   [579]

INDICTMENTS found and returned in the Superior Court on
October 6, 1967.

A motion to suppress and the cases were heard by
*DeSaulnier*, J.

*Reuben Goodman* for the defendant.

*Robert Snider*, Assistant District Attorney, for the Com-
monwealth.

SPIEGEL, J. The defendant was tried on five indictments charging violations of the narcotic drug laws, G. L. c. 94, §§ 197–217E: (1) for unlawful possession of heroin, (2) for unlawful possession of a narcotic drug (morphine), (3) for possession of a narcotic drug (morphine) with intent unlawfully to sell, (4) for possession of heroin with intent to unlawfully sell, (5) for unlawful possession of (a) a hypodermic syringe and (b) a hypodermic needle. The judge in a jury waived trial, found the defendant guilty on all of the indictments. The defendant appealed under the provisions of G. L. c. 278, §§ 33A–33G. The case is here on a summary of the record and a transcript of the evidence. The defendant filed three assignments of error, but has only argued two of them in his brief. The assignment of error not argued in his brief is deemed waived. *Commonwealth* v. *Kleciak,* 350 Mass. 679, 681.

On August 7, 1967, Daniel L. Delaney, then a corporal in the State police narcotics detail, made an application for a warrant to the District Court of Chelsea to search the "second floor apartment of a light brown wooden house situated and numbered 366 Vane St. Revere, Mass." The application for the warrant was supported by Delaney's affidavit. After the search warrant was issued, Delaney, accompanied by other State police officers, Officer Abburizzi and Detective Michael Casoli of the Revere police, and Detective Robert Fawcett of the Boston police, searched the premises. As a result of the search the police discovered a brown paper bag which held a cardboard box containing fifty-six glassine bags containing white powder that later proved to be heroin, three razor blades, two syringe needles, several "[s]heets of glassine bags" identical to those in which the heroin was packaged and other equipment for processing heroin. In addition, Delaney found dolophine tablets in a drawer in the bedroom. On analysis these tablets "were found to contain Methadon [Dolophine] . . . a narcotic drug, as defined in Chapter 94, Section 197." Detective Casoli also found a bag of white powder, analyzed as heroin, underneath the bathroom sink. The defend-

ant was then placed under arrest and advised of his rights.

1. In one assignment the defendant contends that the judge erred in denying his motion to suppress the evidence seized as a result of the search warrant since "[t]he affidavit on which the search warrant was based was inadequate under G. L. c. 276, § 2B [as amended through St. 1965, c. 384], Article 14 of the Declaration of Rights of the Massachusetts Constitution, and the Fourteenth Amendment to the United States Constitution as it applies the Fourth Amendment to the states."

Delaney's affidavit discloses the following facts based on his personal knowledge and observations, and information received from reliable informants. (1) The defendant Ellis also known as "Little John" "by persons and addicts involved in the illicit traffic of Narcotics . . . is currently considered the major source of the supply of Narcotics/Marihuana Heroin and LSD/in the North Shore area." (2) On July 10, 1967, at two meetings with Delaney and another State police officer, "Ellis stated . . . his home had been raided on 4 July 1967 by the Lynn Police in search of Narcotics, and . . . he had outsmarted them having his Heroin and works behind the stove." (3) "Ellis denied that he was trafficking in Narcotics, and that his *trips* to New York were for the purpose of supplying himself" (emphasis supplied). He "stated that his habit was only slight and that he took off only twice a day, and that he was using the New York three dollar bags of Heroin which were selling for ten dollars here, that being the main reason . . . he went to New York." (4) Delaney and the other State police officer went to "further talk with Ellis" at his apartment at 146 Alley Street, Lynn. When they arrived they "found one Joseph E. Anderson a well known drug addict from the East Boston area in Ellis's apartment. Anderson was so high from the use of drugs that he could hardly talk." The next day, July 11, 1967, the "above officers . . . arrested Anderson in the Day Square section of East Boston" after seeing Anderson complete a sale of heroin. After searching

Anderson they found "16 decks" of heroin. "[I]nformants working for the above officers revealed that Anderson was selling for Ellis." (5) On July 27, 1967, about 5:15 P.M. while observing "Ellis's home," now located at 366 Vane Street, Revere, the officers "saw one Ronald Rossotti with other known addicts in Rossotti's car . . . pull up to Ellis's home and . . . enter same." (6) On July 28, 1967, at approximately 4:30 P.M. the officers saw "one 'Chuckie' Chiampi and Richie Pisani leave Ellis's home in Pisani's vehicle." That evening at about 8 P.M. the officers' informant told them that "Pisani and Chiampi had picked up a bundle of heroin that day and sold same in East Boston. As a result of further conversations with informants . . . [the officers] learned that Pisani and Chiampi were the main pushers of heroin for Ellis in the East Boston area." (7) At approximately 8:15 P.M., on August 7, 1967, the officers were told by their informant that Chiampi and Pisani "had just picked up at Ellis's house and were en route . . . to E. Boston." About 8:45 P.M. that same evening, the officers observed a vehicle being operated "in an erratic manner" by Pisani, in which "Chuckie" Chiampi was riding in the passenger seat. The officers stopped the car and arrested the occupants. "[A] search incidental to an arrest revealed 24 bags of heroin."

The circumstances necessary to establish probable cause need not be the equivalent of that degree of proof "necessary to justify a criminal conviction." *Commonwealth* v. *Cuddy*, 353 Mass. 305, 308. *Commonwealth* v. *Lillis*, 349 Mass. 422, 424. Hearsay information supplied by an informant can be relied on to establish probable cause. *Commonwealth* v. *Lillis, supra,* at 424. *United States* v. *Ventresca*, 380 U. S. 102, 108. In the instant case, much of the information supplied by the informants was corroborated by Delaney's personal observations and other circumstances described in the application, thereby providing a "substantial basis for crediting the hearsay." *Jones* v. *United States*, 362 U. S. 257, 272.

Delaney's meetings with and subsequent observations of

the defendant were neither isolated instances nor remote in time from the application for the warrant. A review of these events discloses a continuing pattern of behavior by the defendant, and continuous surveillance of the defendant by the police.

The affidavit also complies with the provisions of G. L. c. 276, § 2B, as amended through St. 1965, c. 384. It sets forth "facts, information and circumstances . . . sufficient . . . for the issuance of the warrant."

The information "contained in the . . . [affidavit], taken as a whole, together with the inferences which reasonably could be drawn from such information provided ample justification for a judicial mind to conclude the existence of probable cause." *Commonwealth* v. *Moran,* 353 Mass. 166, 170. The motion to suppress was properly denied.

2. The remaining assignment is based on the theory that it was error to deny the defendant's motions for findings of not guilty on the indictments charging him with (a) possession of heroin with the "intent unlawfully to sell" and (b) with possession of morphine with the "intent unlawfully to sell."

There was no error in the denial of the defendant's motion for a finding of not guilty on the indictment charging him with possession of heroin with the intent to sell. The police found fifty-six glassine bags of heroin worth approximately $560, several empty sheets of glassine bags, a bag of heroin and equipment for processing heroin. In addition, the police, relying on a tip that two of the defendant's "pushers" "had just picked up" at the defendant's house, arrested the "pushers" and found twenty-four bags of heroin. On the day the police went to search the defendant's apartment, they arrested two men with "a bundle" of heroin "coming from the . . . [defendant's] apartment." We do not agree with the defendant's contention that "an intent to sell cannot be inferred from the possession of the heroin." "A person's . . . intent . . . is a matter of fact, which may not be susceptible of proof by direct evidence. In that event resort must be had, and frequently is had, to proof by in-

ference from all the facts and circumstances developed at the trial." *Commonwealth* v. *Holiday,* 349 Mass. 126, 128. In the instant case, the judge, sitting without a jury, could determine that the inferences "are established beyond a reasonable doubt; and the facts inferred by them are as properly proved as if directly testified to." *Commonwealth* v. *Bonomi,* 335 Mass. 327, 356. We believe that the evidence warranted a finding that the defendant was guilty of possession of heroin with intent unlawfully to sell.

We now treat with that portion of the assignment which deals with the charge of possession of morphine with the intent unlawfully to sell.

The evidence showed that Delaney "found in one of the drawers in the [defendant's] bedroom" some "dolophine tablets" which were "found to contain Methadon" (a morphine derivative). Delaney had a conversation with the defendant concerning a "prescription on the bottle" containing the tablets. Our examination of the exhibits disclosed a vial containing only six tablets.

The foregoing is in substance all the pertinent evidence we were able to discover in the transcript. We are of opinion that this evidence is insufficient to sustain the burden resting upon the Commonwealth to show that the defendant intended to sell this drug. The intent to sell heroin inferred from the possession of large quantities of that drug cannot also be used to sustain a finding that the defendant has been shown beyond a reasonable doubt to have intended to sell the Methadon tablets. Such a finding, we think, would be mere conjecture. See *Commonwealth* v. *Albert,* 310 Mass. 811, 817; *Commonwealth* v. *Croft,* 345 Mass. 143, 145. The judge should have found the defendant not guilty of this charge.

The judgment for possession of morphine with intent unlawfully to sell is reversed, the finding is set aside, and judgment is to enter for the defendant on the underlying indictment. The other judgments are affirmed.

*So ordered.*