COMMONWEALTH *vs.* PEDRO A. PERADA.

Suffolk.   January 5, 1971. — April 2, 1971.

Present: TAURO, C.J., CUTTER, SPIEGEL, REARDON, & QUIRICO, JJ.

*Search and Seizure.   Probable Cause.*

An affidavit by a police officer in support of an application for a search warrant for narcotic drugs did not comply with the requirements of G. L. c. 276, § 2B, as amended, and did not show probable cause for issuance of the warrant, where the affidavit recited that the affiant was told by a reliable informant of a statement to him by one Lopez, living at 5 Columbus Square, Boston, that he had brought heroin from New York, that when police went to such address Lopez had moved, that a named known seller and users of drugs had been observed entering and leaving the premises at 411 Shawmut Avenue, Boston, and that "[b]ased upon the foregoing" there was probable cause to believe that heroin could be found in the possession of one Perada in rooms 14 and 15 rented by him on the 4th floor of the Shawmut Avenue building, further described as "a four story brick lodging house", but the affidavit did not show nor warrant the inference that Lopez had moved from 5 Columbus Square to 411 Shawmut Avenue and there rented rooms 14 and 15 under the name Perada.

INDICTMENTS found and returned in the Superior Court on October 17, 1969.

A motion to suppress and the cases were heard by *Goldberg,* J.

*Barry G. Gerstein* for the defendant.

*Robert Snider,* Assistant District Attorney, for the Commonwealth.

REARDON, J.   The defendant was tried and convicted of possession of heroin with intent unlawfully to sell, and unlawful possession of a hypodermic needle and syringe.   The convictions followed the seizure of drugs and paraphernalia in a search by police of the defendant's apartment at 411 Shawmut Avenue, Boston, pursuant to a warrant.   The sole issue of significance to be considered in this appeal is the sufficiency of the affidavit in stating facts essential to a showing of probable cause for the issuance of the warrant.

The affidavit, which was sworn to on September 16, 1969, contains in paragraph 2 information received by the affiant,

a Boston police officer, from "a reliable informant" whose information in the past had resulted in the arrest and conviction of various named persons. The affidavit states first that one Lopez, living at 5 Columbus Square, Boston, told the informant that "he brought from New York 5 Ozs. of Heroin." Officers going to the Columbus Square address on September 12, 1969, found that the individual known as Lopez had moved. The affidavit contains the further information that a named known seller and user of heroin was observed entering 411 Shawmut Avenue on September 12, 1969, and that other users, some of whom are named in the affidavit, had been observed entering and leaving the Shawmut Avenue premises by police officers. The affidavit then states in paragraph 3 that "[b]ased upon the foregoing" there is probable cause to believe that heroin and drug paraphernalia "may be found (in the possession of Pedro Antonio Perada or any other person) at the rooms . . . numbered 411 . . . Shawmut Ave. 4th floor 14 and 15 joining and rented by this subject," the premises being further described as "a four story brick lodging house." The warrant which issued authorized search of the premises as so described for narcotic drugs and implements and the arrest of Perada, together with all persons then and there present.

The obvious gap presented in this affidavit is that the defendant and his rented rooms at 411 Shawmut Avenue named in paragraph 3 of the affidavit are nowhere connected with the information contained in paragraph 2. The affidavit, in addition to detailing the reliability of the informant, contains sufficient independent corroboration of his tip as to 411 Shawmut Avenue to establish probable cause that someone currently in that building was a supplier of heroin. *Commonwealth* v. *Pope*, 354 Mass. 625. *Commonwealth* v. *Ellis*, 356 Mass. 574. However, the affidavit was not to search the entire building, described in the affidavit as a four story brick lodging house, and indeed had it purported to do so it might have been subject to the objection that it did not describe with sufficient particularity the place

to be searched. *United States* v. *Chin On*, 297 Fed. 531 (D. Mass.). *United States* v. *Hinton*, 219 F. 2d 324 (7th Cir.). Compare *Commonwealth* v. *Owens*, 350 Mass. 633, 636; *Commonwealth* v. *Pope*, 354 Mass. 625, 629; *Owens* v. *Scafati*, 273 F. Supp. 428 (D. Mass.). To sustain the affidavit, one must find in it reasonable grounds for a magistrate to infer that the Perada of paragraph three is the Lopez of the second part of paragraph two, transplanted from 5 Columbus Square to 411 Shawmut Avenue. This missing link on the face of the affidavit cannot be supplied by inference. The information about Lopez is patently irrelevant to the rest of the affidavit. The Commonwealth refers us to the emphasis which we have given to the commonsense approach to affidavits. Reference is made to cases tending to indicate that they should be read in their entirety, not in a hypertechnical fashion, and that considerable latitude should be allowed for the drawing of reasonable inferences from their faces. *Commonwealth* v. *Moran*, 353 Mass. 166, 169–170. *Commonwealth* v. *Cuddy*, 353 Mass. 305, 308. *Commonwealth* v. *Von Utter*, 355 Mass. 597, 600. *Commonwealth* v. *Mele*, 358 Mass. 225, 228–229. Relying on the language in *United States* v. *Ventresca*, 380 U. S. 102, 108–109, we have in recent years upheld a number of affidavits by holding them in conformance with G. L. c. 276, § 2B, as amended through St. 1965, c. 384, although we recognized that their language could have been greatly clarified. See *Commonwealth* v. *Cuddy, supra,* at 308; *Commonwealth* v. *Brown*, 354 Mass. 337, 346. We cannot, however, fly in the face of the requirement of the statute, as we would have to do to hold that it could be reasonably inferred that Lopez had moved from 5 Columbus Square to 411 Shawmut Avenue and there rented rooms 14 and 15 under the name Perada. This is too much of a leap and we do not make it.

In view of our disposition of this matter there is no need to discuss other questions raised by the defendant.

*Judgments reversed.*
*Findings set aside.*