COMMONWEALTH vs. CAROLYN GILL.

Suffolk. October 15, 1974. — November 15, 1974.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Search and Seizure. Constitutional Law,* Search and seizure.
*Narcotic Drugs.*

A search warrant for a building referred to as number 145 on a
specified street sufficiently "particularly" described the place to be
searched within the Fourth Amendment to the Federal Constitu-
tion when the warrant was read with the application therefor and
the supporting affidavit and where it appeared that a building on
the specified street consisted of two unconnected apartments
having separate entrance doors located to the left and the right,
respectively, on a front porch of the building, that to the left of
the outside of a door giving access to the porch from the street was
a post with mail boxes over which was the number 145, and to
the right was a post with a mail box over which was the number
143, and that the search conducted under the warrant was only
of the apartment on the left hand side of the building. [654-656]
Evidence in a narcotics case that a search of an apartment yielded a
"hundred some-odd" bags of heroin and paraphernalia for pre-
paring heroin for the street trade, and that the defendant was
found in the apartment and was the tenant thereof was sufficient
to convict her of unlawful possession of heroin with intent to
distribute. [656]

INDICTMENT found and returned in the Superior Court
on May 8, 1973.

A pre-trial motion to suppress evidence was heard by
*McLaughlin,* C.J., and the case was tried before him.

*Maurice F. Ford* for the defendant.

*Frances M. Burns,* Assistant District Attorney, for the
Commonwealth.

GRANT, J.   The defendant, in proceedings had under
G. L. c. 278, §§ 33A-33G, has been convicted on an
indictment charging her with unlawful possession of a
Class A controlled substance (heroin) with intent to
distribute the same.   G. L. c. 94C, §§ 31 and 32.   She
has assigned as error (1) the denial of her pre-trial motion
to suppress certain evidence seized pursuant to a search
warrant and (2) the denial of her separate motions (a) for
a directed verdict generally and (b) for a directed verdict
on so much of the indictment as charged intent to distri-
bute.

1. The sole contention raised by the motion to suppress
appears to be that the search warrant did not meet the
"particularity" requirement of the Fourth Amendment to
the Constitution of the United States concerning the place
to be searched. [1]

The application for the warrant, which appears on the
same sheet of paper as the warrant itself (see *Common-
wealth* v. *Pope,* 354 Mass. 625, 628-629 [1968]), referred
to "certain rooms in the one family, two story brick
building . . . situated and numbered - - - 145 - - - in
Stanwood Street" in the Dorchester district of Boston.
The warrant directed a search of the "premises described
above."   The affidavit in support of the application (see
*Commonwealth* v. *Todisco,* 363 Mass. 445, 448-450
[1973]) referred successively to the "dwelling located at
145 Stanwood St., Dorchester," the "aforementioned
address," the "above mentioned address" (twice), and the
"premises THERE SITUATED AND NUMBERED 145
Stanwood St., Dorchester."   The request of the applica-
tion was for the issuance of a warrant to search "the
dwelling located at 145 Stanwood St., Dorchester, a one
family, two story brick building."

---

[1] ". . . and no warrants shall issue, but upon probable cause, sup-
ported by oath or affirmation, and particularly describing the place
to be searched . . . ."   No question has been raised concerning probable
cause for issuance of the warrant.   Compare *Commonwealth* v.
*Todisco,* 363 Mass. 445, 449 (1973).

The premises searched pursuant to the warrant consisted of one half of a two story wood[2] building located on Stanwood Street which contained two separate duplex apartments, neither of which was physically interconnected with the other. The only means of approach to the building which was described in the evidence adduced at the hearing on the motion to suppress consisted of a walk and steps (possibly brick; see n. 2) which led from Stanwood Street to a single door which was set in the front of the building and which opened into a front porch partially enclosed by glass. On a post to the left of and on the exterior side of that door there were, at the time of the execution of the warrant, two mailboxes, one directly over the other; over the uppermost mailbox was the number 145. To the right and also on the exterior side of the same door was another post with one mailbox; directly over that box was the number 143. Once the exterior door was opened there were immediately visible (if they were not already visible through the glass which formed the exterior wall of the porch) two distinct doorways, one to the left and one to the right, which led, respectively, to the two separate duplex apartments of which the building was comprised. The officers who executed the warrant searched the apartment on the left hand side of the building, where they found the heroin and other articles hereinafter described. The apartment on the right hand side of the building was not searched.

We hold that the warrant, when read in the light of the application and the supporting affidavit and considered in conjunction with the physical facts, described with sufficient particularity the premises which were to

---

[2] There is no suggestion that the misdescription of the building as "brick" which appeared in the application and in the supporting affidavit was deliberate. See *Commonwealth* v. *Murray*, 359 Mass. 541, 547-548 (1971). To the contrary, the judge found, on ample supporting testimony, that the misdescription resulted from a clerical error and was "an inconsequential detail."

be and were searched. "A conveyancer's precision of language is not to be expected in the affidavit" (*Commonwealth* v. *Pellier,* 362 Mass. 621, 625 [1972]) or on the face of the warrant. "It is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended." *Steele* v. *United States No. 1,* 267 U. S. 498, 503 (1925). See also *United States* v. *Hinton,* 219 F. 2d 324, 326 (7th Cir. 1955). The warrant in this case, when read together with the application, referred specifically and only to the premises numbered 145 Stanwood Street; it did not purport to, nor did it, authorize a search of the premises numbered 143 Stanwood Street. Compare *Commonwealth* v. *Lillis,* 349 Mass. 422, 423, 425 (1965). We reject the notion that any officer who read the warrant in the light of the physical facts which confronted him as he progressed up the front walk and into the building could reasonably have concluded that he was authorized to search anything other than the only apartment which was numbered 145. Compare *Commonwealth* v. *Pope,* 354 Mass. 625, 628-629 (1968); *Commonwealth* v. *Todisco,* 363 Mass. 445, 446-450 (1973); *United States* v. *Lee,* 448 F. 2d 604, 605-606 (7th Cir. 1971), cert. den. 404 U. S. 858 (1971); *United States* v. *Sklaroff,* 323 F. Supp. 296, 318-319, 321 (S. D. Fla. 1971). Contrast *Commonwealth* v. *Perada,* 359 Mass. 147, 148-149 (1971); *United States* v. *Hinton,* 219 F. 2d 324, 325-327 (7th Cir. 1955); *United States* v. *Higgins,* 428 F. 2d 232, 233-235 (7th Cir. 1970); *United States* v. *Chin On,* 297 Fed. 531, 532-533 (D. Mass. 1924); *United States* v. *Esters,* 336 F. Supp. 214, 215-219 (E. D. Mich. 1972); *United States* v. *Harris,* 365 F. Supp. 261 (N. D. Ohio, 1972).

2. There was no error in denying either of the motions for a directed verdict.

The search yielded, and there were introduced in evidence, the following: a "hundred some-odd" bags of heroin found in a man's suitcoat jacket hanging in an

upstairs bedroom closet; various types of paraphernalia (found in an attache case discovered in the bedroom) which, on the testimony of an officer of the drug control unit of the Boston police, were customarily used in the cutting and packaging of heroin for the street trade; and various personal papers (found in a bureau in the same bedroom) which specifically identified the defendant by name (some of them also identifying her by reference to the 145 Stanwood Street address), such as Medicaid eligibility and welfare identity cards, a driver's license, a savings account passbook, and a receipt for payment of the rent of the apartment in question for the month in which the search was made.[3]  The defendant was found in the apartment with "several of her minor children" some time after 7:30 P.M. on a winter evening.  There was evidence that following her arrest and receipt of *Miranda* warnings the defendant had told one of the searching officers (the one who had arrested her) that she was a tenant of the building; that the apartment in question had been rented for her approximately two months earlier by the defendant in a companion indictment (codefendant) tried together with the present indictment; and that she and her "boy friend" were the joint owners of some $700 found in the apartment, most of it in the bedroom.

The foregoing evidence was sufficient to warrant findings that the defendant was knowingly and constructively in possession of heroin.  *Commonwealth* v. *Mott, ante,* 47, 53-54 (1974).  *Commonwealth* v. *Xiarhos, ante,* 225, 231-232 (1974).  The quantity of heroin, whether taken in conjunction with or considered apart from the cutting paraphernalia, was sufficient to warrant a finding of possession with intent to distribute. *Commonwealth* v. *Ellis,* 356 Mass. 574, 578-579 (1970).

---

[3] The defendant has not argued that such papers could not be seized under the warrant or that they were otherwise not admissible in evidence.

*Commonwealth* v. *Baltrop, post,* 819, 820 (1974). *Commonwealth* v. *Tucker, ante,* 328, 329-330 (1974). Contrast *Commonwealth* v. *Croft,* 345 Mass. 143 (1962); *Commonwealth* v. *Ellis,* 356 Mass. 574, 579 (1970). Whether some of the evidence pointed more strongly to the codefendant or to the "boy friend" than to the defendant was a question for the jury to decide.

*Judgment affirmed.*