### UNITED STATES of America, Plaintiff,

v.

### Andrew Joseph MACHI et al., Defendants.

### No. 70–CR–167.

United States District Court,
E. D. Wisconsin.

Nov. 17, 1972.

See also, 324 F.Supp. 153.

———◆———

David J. Cannon, U. S. Atty., Milwaukee, Wis., and Douglas P. Roller, Sp. Atty., Justice Dept., Washington, D. C., for plaintiff.

Joseph P. Balistrieri, Milwaukee, Wis. for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants Thomas Machi and Angelo Di Giorgio have moved for a judgment of acquittal. This motion is based on the court's specific finding at the conclusion of the trial that neither movant, as an alleged co-conspirator, had knowledge of the use of the interstate facilities in connection with Andrew Machi's gambling activities. While

Thomas Machi and Angelo Di Giorgio participated with Andrew Machi in his local gambling operation, I specifically held that the record would not support a finding that either movant was mindful of the interstate character of Andrew Machi's enterprise.

The government urges that the record contains inferences which would show circumstantially their knowledge of the use of interstate facilities; such contention is contrary to the express finding of the court.

United States v. Miller, 379 F.2d 483 (7th Cir. 1967), holds that under 18 U.S.C. § 1952, it is unnecessary to prove a specific intent to use an interstate facility or to violate federal law. See also United States v. Izzi, 305 F.2d 412, 413 (7th Cir. 1967). The government suggests that proof of the use of an interstate facility is a jurisdictional element, but that no proof of specific intent to use such interstate facility is required. See United States v. Hanon, 428 F.2d 101 (8th Cir. 1970).

The government argues that *Miller* and *Izzi* govern the issue in the case at bar. However, the question before the court is whether the illegal use of an interstate facility by one conspirator is sufficient to sustain a conviction of another conspirator in the absence of the latter's awareness of the interstate character of the transaction. If the government's position is correct, one who participates in a violation of state law can be held to have intended to violate federal law through the conspiracy statutes.

The inappropriateness of the government's position is suggested by United States v. Barnes, 383 F.2d 287 (6th Cir. 1967), wherein that court considered the *Miller* rule. The court there cited *Miller* for the proposition that a "lack of knowledge would not excuse one who actually committed the overt act." (at page 292). The court in *Barnes* went on to state:

"We construe the government's position to be, virtually, that all partners in one illegal activity—here a gambling establishment offensive to state law—will be criminally responsible for the conduct of any copartner which offends another criminal statute—here a federal one—even though such criminal conduct was not shown to be necessary or usual to the partnership or known to the copartners. We are not dealing with a civil rule which holds generally that all partners are bound by the acts of any copartners done within the apparent scope of authority to serve partnership purposes. It might aid the financial success of an illegal gambling enterprise for a managing partner to steal the purse of a patron, to bribe a police officer, or to falsify the tax reports of the partnership; but we do not believe that all copartners could be prosecuted for such crimes if they had no knowledge of them, and had not conspired to bring them about, even though their commission may have served, but was no part of, the objectives of or the motivation for the admittedly illegal partnership enterprise."

Added support for the defendants' position is found in United States v. Lee, 448 F.2d 604 (7th Cir. 1971), where the court recognized also that knowledge of the violation of a federal law is not an element of the offense but, nevertheless, apparently approved a jury instruction which required that the defendant must have knowledge of the interstate travel of his co-defendants. The court said:

"Appellants argue, however, that the instructions did not require the jury to find such knowledge in order to return a guilty verdict. We disagree with this interpretation of the instructions. *They clearly required the jury to find that appellants had knowledge of their co-defendants' interstate travel.*" (Emphasis added.)

In United States v. Honeycutt, 311 F.2d 660 (4th Cir. 1962), Honeycutt was charged under § 1952 as an aider or abettor of one Bryant's interstate racketeering activity. There was evidence that Honeycutt had sold "tip boards in the rear section of the building" and had paid off employees "in the store." The

court noted that the case against Honeycutt was directed at his activities "carried on in the back room of Sam's Grocery." The court ruled (at page 662) that to convict Honeycutt it was necessary "to show conduct on his part amounting to counselling or other assistance in Bryant's *interstate* criminal activity." (Emphasis added.)

It is clear that one may be guilty of a substantive offense under § 1952 without any proof of mens rea with respect to the use of an interstate facility. However, the defendants Thomas Machi and Angelo Di Giorgio may not be convicted of this conspiracy because there was no probative evidence (or reasonable inference) that they knew that Andrew Machi was engaging in interstate activity. Since one may not conspire with himself, Andrew Machi may not be convicted of count I.

Therefore, it is ordered that the motion of the defendants Thomas Machi and Angelo Di Giorgio for a judgment of acquittal be and hereby is granted as to all counts of the indictment.

It is also ordered that the defendant Andrew Machi be and hereby is acquitted of count I of the indictment.