COMMONWEALTH vs. MICHELENI S. NICHOLS.

Worcester. September 14, 1976. — October 28, 1976.

Present: HALE, C.J., GRANT, & BROWN, JJ.

*Practice, Criminal,* Disclosure of evidence, Charge to jury. *Evidence,* Admissions and confessions; Opinion: expert; Cross-examination; Relevancy and materiality; Hearsay. *Constitutional Law,* Admissions and confessions. *Narcotic Drugs.*

A judge at a criminal trial did not abuse his discretion in failing to hold a voir dire hearing to determine if the Commonwealth was entitled to offer in evidence oral statements made by the defendant to the police. [607-608]

A criminal defendant was not entitled to raise for the first time on appeal the question whether she had knowingly and voluntarily waived her Miranda rights before making statements to police officers. [608]

At the trial of a defendant charged with possession of heroin with intent to distribute, the judge did not err in admitting in evidence the opinion of an experienced narcotics officer that the size of the tinfoil containing traces of heroin which had been found in the defendant's apartment was an indication that the foil had once contained a large quantity of heroin. [608-609]

At the trial of a defendant charged with possession of heroin with intent to distribute, the judge did not err in permitting cross-examination of the defendant which referred to her possession of a large sum of money and to her status as a welfare recipient. [609-610]

At the trial of a defendant charged with possession of heroin a conversation between the defendant and an unidentified person ten days after her arrest was admissible as indicative of the defendant's knowledge of drug parlance. [610-611]

Statements made by a criminal defendant to the police ten days after her arrest were admissible even though she had not been given Miranda warnings where the statements were not the product of custodial interrogation. [611-612]

A mistrial of a criminal case was not required by the Commonwealth's failure to give the defendant a copy of a statement sought by the defendant's counsel on discovery where the statement was used only upon cross-examination of the defendant for the purpose of impeachment. [612]

At the trial of a defendant charged with possession of heroin with intent to distribute, evidence that the heroin was found in various generally inaccessible locations in the defendant's apartment and that large quantities of the drug were found although the defendant claimed she did not use heroin warranted her conviction. [612-614]

INDICTMENT found and returned in the .Superior Court on March 5, 1975.

The case was tried before *Hallisey, J.*

*Conrad W. Fisher (Andrew L. Mandell* with him) for the defendant.

*James P. Donohue,* Assistant District Attorney, for the Commonwealth.

BROWN, J.   The defendant was tried and convicted by a jury on an indictment charging possession of a controlled substance (heroin) with intent to distribute it. The defendant now appeals pursuant to G. L. c. 278, §§ 33A-33G.

On October 9, 1974, several Worcester police officers went to the defendant's apartment with a search warrant and found the defendant together with eight other persons in the apartment. There was testimony by one of the officers that at least two persons attempted to flee the apartment. Upon a search of the apartment the police found several packets of heroin wrapped in tinfoil located in various places, including a woman's bedroom, under the kitchen sink, and behind a shelf in a bathroom linen closet. A policewoman searched the defendant and discovered $688 on her person. (The defendant later testified that she had received this money as part of an accident settlement and was saving it for a trip she planned to take with her children.)

At the trial, a police officer testified that he asked the defendant at that time if she was a user of drugs, and she replied, "No." The defendant testified to the effect that she did not know anything about the heroin found in her apartment. The police officer also testified that he asked the defendant if she worked, and she said, "No," and that she was receiving "ADC" (Aid to Dependent Children), or "mother's aid." Additional evidence will be mentioned as it bears on different issues in the case.

1. *Failure to hold voir dire hearing.* The first assignment of error argued by the defendant is that the trial judge erred in admitting in evidence her oral statements made to police officers on October 9 because the defend-

ant had not been supplied with transcriptions of those statements.[1] The defendant also contends that the judge erred in failing to hold a voir dire hearing to determine if the Commonwealth would be entitled to offer such statements in evidence.

Whether material is subject to discovery is a question which should ordinarily be resolved in the first instance by the trial judge. See *Commonwealth* v. *Stewart*, 365 Mass. 99, 103 (1974); *Commonwealth* v. *Dominico*, 1 Mass. App. Ct. 693, 699-700 (1974). In the instant case the defendant has made no showing that the prosecution possessed any oral statements of the defendant made on October 9 which had been reduced to written form. Quite clearly to the contrary, the evidence indicates that these statements had not been reduced to writing by the police.[2] The trial judge did not abuse his discretion in failing to hold a voir dire hearing.

2. *Waiver of Miranda rights.* The defendant concedes that the statements elicited from her by the police officers on October 9 were taken after she had received her Miranda warnings. The defendant now claims that she did not knowingly and voluntarily waive her rights. This is not a proper subject to be raised for the first time on appeal. See *Commonwealth* v. *Harris*, 364 Mass. 236, 241 (1973). The defendant did not raise this issue either by way of a pretrial motion or by asking for a voir dire hearing during the trial. *Commonwealth* v. *Festa*, 369 Mass. 419, 426, n.1 (1976). See Rule 61 of the Superior Court (1974).

3. *Admission of expert testimony as to the size of tin-foil found in the defendant's apartment.* The trial judge

---

[1] The defendant expressly amended her pre-trial discovery motion so as to exclude any request for oral statements not reduced to writing.

[2] *Commonwealth* v. *Lewinski*, 367 Mass. 889, decided June 3, 1975, cited by the defendant, made it easier for a defendant to obtain discovery of statements made to the prosecution. Even if the statements made by the defendant in this case had been reduced to writing, *Lewinski* is of no help because the decision in that case was prospective only, and trial was held in this case between May 22 and May 28, 1975.

did not err in admitting in evidence the opinion testimony of an experienced narcotics officer to the effect that the size of the tinfoil containing traces of heroin which had been found in the defendant's apartment was an indication that the foil had once contained a large quantity of heroin. It is reasonable to permit a drug expert familiar with the packaging of heroin to testify as to how much heroin would usually be contained in a given size of package. As the quantity of heroin packaged in a given size of tinfoil is not a matter within the ordinary experience of an average juror, the trial judge properly exercised his discretion in admitting this evidence. It need not be shown that such evidence is essential to the jury; it is enough that the evidence will aid the jury in their deliberations. *Commonwealth* v. *Harris*, 1 Mass. App. Ct. 265, 268, *S. C.* 364 Mass. 236 (1973). That standard was met in this case.

4. *Cross-examination of the defendant making reference to her receipt of welfare benefits.* The judge did not err in permitting cross-examination of the defendant which referred to her possession of a large sum of money and to her status as a recipient of welfare (ADC). The defendant admits that unexplained possession of a large sum of money could be construed as an indication of possible criminal activity. See *Commonwealth* v. *Miller, ante,* 379, 384 (1976). The defendant's explanation that she had obtained this money from an accident settlement was properly subject to impeachment by the Commonwealth on cross-examination. The Commonwealth was not bound by the defendant's direct testimony as to how she had obtained the money found on her person or as to how she had disposed of the money obtained from the accident settlement.

The extent of permissible impeachment on collateral matters rests in the sound discretion of the trial judge, *Commonwealth* v. *Carroll,* 360 Mass. 580, 589-590 (1971), subject to the limitation that if the probative value of the testimony sought to be elicited on cross-examination is outweighed by its prejudicial effect on the defendant, the testimony should not be admitted. Undue prejudice may

occur if the facts offered might unduly arouse the jury's emotions or create side issues that may distract the jury from the main issues. McCormick, Evidence § 185 (2d ed. 1972). See *Commonwealth* v. *Szemetum,* 3 Mass. App. Ct. 651, 653 (1975). We are not convinced that the defendant was unduly prejudiced by the references to her status as a welfare recipient, where the jury had learned this fact from previous testimony to which the defendant had made no specific objection.

5. *Admission of statement made by the defendant ten days subsequent to arrest.* The defendant testified that she was not a drug user and that she did not know how the heroin had come into her apartment. On cross-examination the defendant testified that on October 19, ten days after her arrest, an unidentified person had come to her apartment and asked her for "two sixties for a hundred." The defendant then stated that she had taken this to mean that the person was asking for dope. The defendant's objections to this series of questions were overruled, subject to her exceptions. Under these circumstances, the testimony was properly admitted in evidence.

It is ordinarily true that evidence that the defendant has committed another crime cannot be used to show that the defendant committed the crime for which she is being tried. See *Commonwealth* v. *Chalifoux,* 362 Mass. 811, 815-816 (1973); *Commonwealth* v. *Baker,* 368 Mass. 58, 85 (1975). However, the defendant's testimony as to her statements on October 19, indicating her knowledge of the meaning of the phrase "two sixties for a hundred," did not tend to show that the defendant committed a criminal act on that date. The fact that the defendant understood the significance of the phrase "two sixties for a hundred" was circumstantial evidence indicating that the defendant had some knowledge of heroin. That the conversation indicating the defendant's knowledge of drug parlance took place subsequent rather than prior to the discovery of heroin in her apartment was not a bar to the admissibility of the evidence. *United States* v. *Miranda,*

526 F.2d 1319, 1331 (2d Cir. 1975). *United States* v. *Prince*, 264 F.2d 850, 852, n.1 (3d Cir. 1959).

There was no error in the judge's instructions to the jury concerning the defendant's conversation of October 19, 1974, with the unidentified person. The trial judge stressed to the jury that they should not accept as evidence what that person had said, and that the Commonwealth's entire line of questioning was being admitted solely on the question of the defendant's state of mind on October 9, the date the heroin was discovered in the defendant's apartment. This case is clearly distinguishable from *Commonwealth* v. *Morrison*, 1 Mass. App. Ct. 632 (1973), cited by the defendant, in which this court found error in permitting the Commonwealth to question a defendant as to a statement made by a bystander to the police in the presence of the defendant while the defendant was in custody where the purpose of the questioning was to suggest that the defendant's silence on the day in question should be construed as an admission. In this case the Commonwealth asked the defendant about a conversation she had had with a third person while not under arrest or subject to custodial interrogation. The judge also expressly instructed the jury that the Commonwealth's questions themselves should not be construed as evidence ("Only what you hear from the witnesses is evidence"). No error was committed in the trial judge's allowing these questions or in his instructions on this matter.

6. *Failure of the Commonwealth to give the defendant Miranda warnings prior to questioning on October 20.* The defendant raises the objection that her testimony concerning the statements made by her to an unidentified person on October 19 should not have been admitted because she had not been given Miranda warnings prior to relating the substance of the conversation to the police on October 20. *Miranda* v. *Arizona*, 384 U.S. 436 (1966), does not apply to the instant case because the defendant's statements to the police on October 20 were not the product of custodial interrogation. See *Beckwith* v. *United States*, 425 U.S.

341, 344-348 (1976); *Commonwealth* v. *Valliere,* 366 Mass. 479, 486-487 (1974); *Commonwealth* v. *Borodine,* 371 Mass. 1, 4 (1976). To the contrary, the defendant voluntarily made these statements to the police in order to assist them in another matter. The mere fact that the defendant had previously been indicted on an unrelated charge did not require that the defendant be given Miranda warnings on this particular occasion.

7. *Failure of the Commonwealth to disclose statement of the defendant used in cross-examination.* The failure to declare a mistrial upon a showing of the Commonwealth's failure to give the defendant a copy of her statement of October 20,[3] sought by the defendant's counsel on discovery, does not constitute reversible error, as the statement was not used as part of the Commonwealth's case in chief but was used only on cross-examination for the purpose of impeachment. *Commonwealth* v. *Dabrieo,* 370 Mass. 728, 743-744 (1976). See *Commonwealth* v. *Harris,* 364 Mass. 236, 238-239 (1973).[4] Moreover, no witness called by the Commonwealth testified to what the defendant had stated on that date.[5] Therefore, the trial judge did not err in failing to grant a mistrial on this ground.[6]

8. *Motion for directed verdict.* The motion for a directed verdict raised the question whether there was sufficient evidence of the defendant's guilt to warrant the submission of the case to the jury. *Commonwealth* v. *Altenhaus,* 317 Mass. 270, 271 (1944). The test of sufficiency

[3] In contrast to the statements discussed in part 1, hereof, the statement now under consideration had been reduced to writing by the police on October 20.

[4] We limit our holding to cases in which there is no showing that the Commonwealth expected to use the material sought to be discovered on cross-examination and upon discovery of the relevance of the material promptly made a copy available to the defendant. Contrast *Mooney* v. *Holohan,* 294 U.S. 103, 110 (1935).

[5] The information as to what took place on October 19 was elicited by the Commonwealth on cross-examination of the defendant.

[6] The defendant has made no claim that the statement was in any way favorable to her. See *United States* v. *Agurs,* 427 U.S. 97, 107-114 (1976). Contrast *Brady* v. *Maryland,* 373 U.S. 83, 87 (1963).

is whether the evidence considered in the light most favorable to the Commonwealth is sufficient for "the jury to infer the existence of the essential elements of the crime charged in that indictment." *Commonwealth* v. *Sandler*, 368 Mass. 729, 740 (1975).

There was no question that heroin was found in the defendant's apartment. Accordingly, the only questions were whether it could be shown that the defendant (1) had knowledge of the heroin and was in possession of it and (2) possessed the heroin with intent to distribute it.

When knowledge is an essential element of an offense, it can be proved by circumstantial evidence. *Commonwealth* v. *Altenhaus, supra,* at 273. From the evidence that there was heroin in various generally inaccessible locations in the defendant's apartment, such as behind a shelf in a linen cabinet and under the kitchen sink, the jury could have inferred that the defendant had placed it there or had at least known of its existence.

Constructive possession requires that a defendant know of the location of the drugs and be able to exercise dominion or control over them, together with the intent to exercise such dominion or control. *Amaya* v. *United States*, 373 F.2d 197, 199 (10th Cir. 1967). *Commonwealth* v. *Lee*, 2 Mass. App. Ct. 700, 704 (1974). Even though proving the defendant's exclusive possession was made more difficult because there were others in the apartment at the time of the police search, this fact in itself did not require a directed verdict. *Commonwealth* v. *Dinnall*, 366 Mass. 165, 168-169 (1974). See *Commonwealth* v. *Gill*, 2 Mass. App. Ct. 653, 658 (1974). The heroin discovered under a bed in a room of the apartment which appears from the evidence to have been occupied by the defendant was important evidence upon which the jury could reach the conclusion that the defendant had been in possession of the heroin. See *Commonwealth* v. *Guerro*, 357 Mass. 741, 752 (1970); *Commonwealth* v. *Mott*, 2 Mass. App. Ct. 47, 53 (1974).

The evidence was also sufficient for the trial judge to permit the case to go to the jury on the issue of the de-

fendant's possession of a controlled substance (heroin) with intent to distribute it. A person's intent is a matter of fact which can be proved by circumstantial evidence. *Commonwealth* v. *Ellis,* 356 Mass. 574, 578-579 (1970). From the discovery of large quantities of high grade heroin in the defendant's apartment, together with the defendant's protestation that she did not use heroin, the jury could have concluded that she had intended to sell it to the people in her apartment or to others. *Commonwealth* v. *Xiarhos,* 2 Mass. App. Ct. 225, 233 (1974). The inability of the police to discover paraphernalia with which to measure and package the heroin went only to the weight of the evidence on the question of intent to distribute. This case is clearly distinguishable from *Commonwealth* v. *Croft,* 345 Mass. 143, 144-145 (1962).

The defendant has expressly waived all other assignments of error.

*Judgment affirmed.*