Aicardo RESTREPO, Petitioner,

v.

**Paul DIPAOLO, Respondent.**

**No. Civ.A. 97–10750–EFH.**

United States District Court, D. Massachusetts.

April 8, 1998.

Aicardo Restrepo, Norfolk, MA, pro se.

Annette C. Benedetto, Asst. Atty. Gen., Boston, MA, for Paul Dipaolo.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This is a petition for a writ of habeas corpus filed by Aicardo Restrepo pursuant to 28 U.S.C. § 2254. The petition is based upon two grounds: (1) petitioner claims that his right to Due Process was violated because his conviction was obtained with insufficient evidence; and (2) petitioner argues that his right to Due Process was violated because the trial court allowed inadmissable documents into evidence.

### BACKGROUND

In late November, 1990, the drug unit of the Malden Police Department began an investigation of suspected drug activities at 9 Franklin Court in Malden, Massachusetts. In December, 1990 and January, 1991, the police utilized surveillance techniques and controlled undercover purchases of cocaine to acquire details about the operation. Based upon this information, the police applied for and obtained a warrant to search 9 Franklin Court. On January 30, 1991, the police executed the search warrant and discovered more than 200 grams of cocaine.

The petitioner was not at 9 Franklin Court when the warrant was executed. However, a number of documents including personal papers belonging to the petitioner were found on the premises. These documents and other papers taken from the trash outside 9 Franklin Court, combined with the fact that the petitioner had entered the premises and returned with drugs which he sold to an undercover police officer, on January 4, 1991, led the police to charge the petitioner with cocaine trafficking.

On January 17, 1992, after a three-day trial, a Middlesex County jury convicted the petitioner of cocaine trafficking. The peti-

tioner was sentenced to M.C.I. Cedar Junction for not less than 15 years nor more than 20 years. The petitioner appealed the conviction to the Massachusetts Appeals Court. On August 2, 1995, a unanimous panel of the Appeals Court affirmed the conviction. In relation to the instant petition, the two most significant holdings of the Appeals Court were: (1) the evidence adduced at trial was sufficient to convict the petitioner of cocaine trafficking; and (2) the trial court did not abuse its discretion in admitting certain documentary evidence. *Commonwealth v. Restrepo,* 39 Mass.App.Ct. 1102, 653 N.E.2d 210 (1995), Memorandum and Order Under Rule 1:28. The petitioner sought further review before the Massachusetts Supreme Judicial Court. On August 21, 1995, the Supreme Judicial Court denied further review. *Commonwealth v. Restrepo,* 421 Mass. 1103, 655 N.E.2d 1277 (1995) (Application Denied).

On March 26, 1997, the instant petition was filed.

### SUFFICIENCY OF THE EVIDENCE

■ A writ of habeas corpus based upon sufficiency of the evidence was first made available to a state prisoner by the United States Supreme Court in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In *Jackson,* the Supreme Court held that a federal court could grant habeas relief to a state prisoner "if it found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* 443 U.S. at 324. Since *Jackson,* in reviewing challenges to the sufficiency of the evidence, the relevant question for a habeas court has been "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Stewart v. Coalter,* 48 F.3d 610, 614 (1st Cir.1995).

The recently enacted Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this petition,[1] altered the procedure by which federal habeas courts review state court judgments. *See Curtis v.*

*Duval,* 124 F.3d 1, 4 (1st Cir.1997). 28 U.S.C. Section 2254(d) now provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d) (West Supp.1997).

■ The amended version of Section 2254(d)(1) directs the focus of the review to the state court decision. This is a significant change from prior procedure. *Martin v. Bissonette,* 118 F.3d 871, slip op. at 18 (1st Cir.1997), withdrawn and new opinion issued, 118 F.3d 871 (1st Cir.1997). Under the amended statute, a federal court no longer examines the merits of a state prisoner's petition *de novo. See, Scarpa v. Dubois,* 38 F.3d 1, 9 (1st Cir.1994). Instead, the habeas court must review the reasonableness of the state court's adjudication of the petitioner's claim. *Martin,* slip op. at 18–19.

This is a prudent rule. For a lower United States trial judge to be required in a habeas proceeding to review *de novo* rulings of a state trial judge and the highest appellate state judges on sufficiency of the evidence grounds is demeaning to the state judiciary and undermines the comity so necessary to our federalism. State judges are as zealous in their commitment to upholding the Constitution as are their federal counterparts and their decisions must be accorded our deep respect and deference.

---

1. The AEDPA became effective on April 24, 1996 and is applicable to petitions filed on or after that date. *Lindh v. Murphy,* — U.S. —, 117

S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997). The instant petition was filed on March 26, 1997.

■ In the initial *Martin* decision,[2] the Court of Appeals for the First Circuit set out the new procedure by which federal district courts should review post-AEDPA habeas petitions. According to that decision, the habeas court must first analyze the petitioner's claim to determine whether the Supreme Court has clearly prescribed a rule that compels a particular outcome. *Id.* at 22.

In the instant case, the Supreme Court precedent consists of *Jackson* and its progeny. None of these cases compels a particular outcome. Therefore, under *Martin*, the Court must determine whether the state court reasonably applied the existing Supreme Court precedent. *Id.* In these circumstances, the relevant question is, whether or not the state court reasonably applied the standard set forth in *Jackson. See, Gomez v. Acevedo,* 106 F.3d 192, 199 (7th Cir.1997); *Smith v. Vaughn,* No. Civ. A. 96–8482, 1997 WL 338851, *6 (E.D.Pa. June 17, 1997); *Mobley v. Stinson,* No. 94 Civ. 5911(HB), 1997 WL 80587, *2 (S.D.N.Y. Apr.28, 1997); *United States ex rel. Irby v. DeTella,* No. 95–C5410, 1997 WL 102533, *4 (N.D.Ill. Mar.4, 1997).

■ This "unreasonable application" requirement demands more than a mere disagreement with the decision of the state court. An application of law to facts is unreasonable only when it can be said that the state court decision is so clearly incorrect that it would not be debatable among reasonable jurists. *Drinkard v. Johnson,* 97 F.3d 751, 769 (5th Cir.1996).

In the case at bar, the state court decision regarding the sufficiency of the evidence was not unreasonable. In fact, under either the new "unreasonable application" approach, or the old *de novo* approach, this Court rules that there were sufficient facts for the jury to convict the petitioner of cocaine trafficking. Under Massachusetts law, a person is guilty of cocaine trafficking if he knowingly possesses a certain amount of cocaine with the intent to distribute the cocaine. Mass.Gen.L. ch. 94C, § 32E(b).

The petitioner's primary argument is that there was insufficient evidence to establish that he constructively possessed the cocaine seized from the apartment at 9 Franklin Court. Consequently, the central question in this petition is whether or not the state court reasonably applied the *Jackson* standard in determining that there was sufficient evidence for a rational jury to find beyond a reasonable doubt that the petitioner had constructive possession of the cocaine seized at 9 Franklin Court.

In analyzing this question, the Court relies upon the trial record and the facts as reported by the Massachusetts Appeals Court in its Memorandum and Order. *Commonwealth v. Restrepo,* 39 Mass.App.Ct. 1102, 653 N.E.2d 210 (1995) Memorandum and Order Under Rule 1:28. The Appeals Court opinion cited *Commonwealth. v. Nichols,* 4 Mass.App.Ct. 606, 356 N.E.2d 464 (1976). In *Nichols,* the Massachusetts Appeals Court upheld the conviction of a defendant for possession of heroin with the intent to distribute. The court explained that the Commonwealth had produced evidence that heroin was discovered in various inaccessible locations in the defendant's apartment. Based upon that evidence, the court held that the jury could have reasonably inferred that the defendant had placed the drugs there or that he was aware of their existence. *Id.* at 613–614, 356 N.E.2d 464. In so holding, the court explained that "constructive possession requires that a defendant know the location of the drugs and be able to exercise dominion and control over them, together with the intent to exercise such dominion and control." *Id.* at 613, 356 N.E.2d 464.

■ In the case at bar, the Appeals Court properly applied this standard to the facts, concluding that an inference could be drawn that the petitioner knew the location of the drugs, exercised dominion and control over

2. The initial *Martin* decision was withdrawn and a revised opinion was issued after the United States Supreme Court ruled that the AEDPA did not apply to petitions which were filed before April 24, 1996. *See Lindh v. Murphy,* —— U.S. ——, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997), Nevertheless, this Court relies upon the initial *Martin* decision since it thoroughly analyzes amended Section 2254 and clearly foretells the future of post-AEDPA petitions under Section 2254 in the First Circuit.

the drugs, and had an intent to exercise such dominion and control. The Appeals Court cited the following facts in support of its conclusion in this case: (1) personal papers of the petitioner were found inside 9 Franklin Court during the search on January 30, 1991; (2) the petitioner conceded that he lived at 9 Franklin Court sometime prior to November, 1990; (3) the landlord of 9 Franklin Court told the police that the petitioner moved out of 9 Franklin Court after the execution of the search warrant; (4) 9 Franklin Court was a stash house for drugs; and (5) the defendant was familiar with the procedure for obtaining drugs from 9 Franklin Court.

In light of the Massachusetts law regarding constructive possession and the significant burden borne by a habeas petitioner under the revised 28 U.S.C. § 2254(d) and *Jackson,* the Court denies Count One of the instant petition. The Court rules that the Appeals Court reasonably concluded that the petitioner failed to establish that, after viewing the evidence in the light most favorable to the Commonwealth, no rational jury could have found him to have constructively possessed the cocaine seized at 9 Franklin Court.

## EVIDENTIARY ISSUES

Petitioner argues that his right to Due Process was violated when the trial court admitted documentary evidence without a proper foundation. In particular, the petitioner contends that his constitutional rights were violated when the trial court admitted into evidence two documents discovered in the trash outside of 9 Franklin Court: (1) an envelope from the Warner Cable Company addressed to the defendant at 9 Franklin Court; and (2) a document which allegedly contained the petitioner's signature.

█ A federal court may issue a writ of habeas corpus only when a conviction violates the constitution, laws or treaties of the United States. Errors of state law do not provide a basis for habeas relief. *Estelle v.*

*McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

█ The petitioner was tried in Massachusetts State Court. The Massachusetts Rules of Evidence governed evidentiary issues at the trial. "The Due Process Clause does not permit this Court to engage in a finely tuned review of the wisdom of state evidentiary rulings." *See Marshall v. Lonberger,* 459 U.S. 422, 438, n. 6, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983). The petitioner can only prevail on evidentiary issues if he can establish that an erroneous ruling so tainted the proceedings so as to divest the whole trial of fundamental fairness. *Anderson v. Butler,* 23 F.3d 593, 598 (1st Cir.1994).

█ The Court agrees with the Massachusetts Appeals Court that, if any error regarding the admissibility of these two documents did occur,[3] it was harmless. The personal papers which were seized from 9 Franklin Court and properly admitted into evidence, along with the fact that he had retrieved drugs from the premises to complete a drug transaction, provided sufficient bases for the jury to infer that the petitioner exercised dominion and control over the drugs. The envelope from the Warner Cable Company and the paper purporting to contain the petitioner's signature were merely cumulative evidence. As such, the admission of these documents into evidence cannot be found to have tainted the fundamental fairness of the trial. Therefore, Count Two of the petition is denied.

## CONCLUSION

For the aforementioned reasons this petition is denied and is ordered dismissed.

SO ORDERED.

---

**3.** The Court takes no position as to whether the two documents were properly admitted under

state evidentiary rules.