**Robert Anthony STEVENS, Petitioner**

v.

**Michael MALONEY, Commissioner, Department of Corrections, Respondent.**

**Civil Action No. 97–30187–MAP.**

United States District Court, D. Massachusetts.

Dec. 31, 1998.

Greg T. Schubert, Springfield, MA, for Robert Anthony Stevens.

William J. Duensing, Asst. Atty. Gen., William J. Mease, Asst. Atty. Gen., Boston, MA, for Lawrence E. Du Bois.

William J. Duensing, Asst. Atty. Gen., Boston, MA, for L. Scott Harshbarger.

Kenneth E. Steinfield, Office of the Attorney General, Criminal Bureau, Boston, MA, William J. Duensing, Asst. Atty. Gen., Boston, MA, for Michael T. Maloney.

PONSOR, District Judge.

Upon *de novo* review, this Report and Recommendation is adopted, without objection. The request for issuance of the writ is DENIED, and the petition is dismissed. So ordered.

*REPORT AND RECOMMENDATION REGARDING ROBERT ANTHONY STEVENS' PETITION FOR A WRIT OF HABEAS CORPUS (Docket No. 2)*

NEIMAN, United States Magistrate Judge.

## I. BACKGROUND

Having exhausted his state remedies, Robert Anthony Stevens ("Petitioner") is now before the court pursuant to 28 U.S.C. § 2254, which provides for review of a petition for a writ of habeas corpus. After a bench trial before Judge William H. Welch of the Hampden County Superior Court, Petitioner was found guilty on May 21, 1991, of one count of kidnapping, eight counts of aggravated rape and one count of assault and battery with a dangerous weapon. Petitioner was convicted *in absentia* after he failed to return to his trial following a lunch break on the second day of trial. Petitioner was apprehended more than one year later, and on September 29, 1992, Judge Welch imposed a sentence of forty-three to fifty-five years in prison. Petitioner was originally incarcerated in MCI Norfolk, but is now being housed in the county jail in Dallas, Texas.

On December 13, 1993, Petitioner filed a motion for a new trial on grounds that trial counsel had provided ineffective assistance. At the same time, Petitioner moved to examine the victim about her alleged criminal record and aliases. Petitioner sought to develop the claim that his attorney should have cross-examined the victim during trial with regard to these matters so as to undermine her credibility in identifying Petitioner as her attacker.

On September 2, 1994, after evidentiary hearings on May 10 and 14, 1994, both motions were denied. (Resp. Supp. Ans. (Docket No. 21) Exh. 2(a).) Those denials were affirmed by the Massachusetts Appeals Court on October 8, 1996. (Id. Exh. 4(a).) The Massachusetts Supreme Judicial Court denied further appellate review on November 21, 1996. *See Commonwealth v. Stevens*, 423 Mass. 1112, 674 N.E.2d 245 (1996).

Petitioner requests habeas corpus relief on two grounds. First, he contends that his conviction resulted from a violation of his Sixth Amendment right to effective assistance of counsel. Second, Petitioner asserts that he was denied his constitutional right to confront witnesses against him when Judge Welch denied his motion to compel the victim to testify at the post-conviction evidentiary hearing on his motion for new trial. Petitioner claims that these alleged violations of his rights denied him due process of law in

violation of the Constitution and laws of the United States. The Department of Corrections opposes the petition.

This matter has been referred to the court pursuant to Rule 3 of the Rules for the United States Magistrates in the United States District Court for the District of Massachusetts. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the court recommends that Petitioner's request for a writ of habeas corpus be denied.

## II. *LEGAL STANDARD*

Under 28 U.S.C. § 2254, a state court conviction may be reviewed by a federal court for constitutional error only. *Ouimette v. Moran*, 942 F.2d 1, 4 (1st Cir.1991). *See also* 28 U.S.C. § 2254(a). A federal court is powerless to grant a writ of habeas corpus

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, § 104, 110 Stat. 1218 (April 24, 1996)).[1]

In *O'Brien v. Dubois*, 145 F.3d 16 (1st Cir.1998), the First Circuit sets forth a framework for analyzing habeas corpus petitions under the amended standard of 28 U.S.C. § 2254. The First Circuit directs that a federal habeas court undertake an independent two-part analysis of the state court decision. *Id.* at 24. The habeas court must first inquire "whether the Supreme Court has prescribed a rule that governs the petitioner's claim." *Id.* If the Court has

prescribed such a rule, then the habeas court must determine "whether the state court decision is 'contrary to' the governing rule." *Id.* If the Court has not prescribed a governing rule, then the "contrary to" analysis is not undertaken, and the habeas court determines only "whether the state court's use of (or failure to use) existing law in deciding the petitioner's claim involved an 'unreasonable application' of Supreme Court precedent." *Id.* The court may find an unreasonable application of existing precedent only when the state court decision is "so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes." *Id.* at 25 (citations omitted). When a habeas court is asked to apply federal constitutional law to the facts raised in the petition, the court must remain cognizant that the "determination of a factual issue made by a State court shall be presumed to be correct" and that the habeas petitioner has the burden of rebutting this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. *DISCUSSION*

As described, Petitioner maintains that he is entitled to habeas relief on two separate grounds. The court will address each claim in turn.

### A. *Ineffective Assistance of Counsel*

Petitioner's principal argument is that he received ineffective assistance of counsel in violation of the Sixth Amendment. The claim focuses on the use of a photographic array, prior to trial, from which the victim identified Petitioner. In addition to this focus, Petitioner broadly claims that his counsel was ineffective because he lacked preparation, investigation and knowledge of pretrial procedures and because he engaged in incoherent and counterproductive behavior during trial. After a careful review of both legal precedent and the rec-

---

1. Petitioner filed his petition for a writ of habeas corpus on September 2, 1997, well after the April 24, 1996 effective date of the AEDPA. Hence, Petitioner's petition is reviewed under the standards set forth therein. *See Vasquez v. DiPaolo*, No. Civ. 96–12261–PBS, 1998 WL 428012 at *1

n. 1 (D.Mass. July 23, 1998); *Restrepo v. Dipaolo*, 1 F.Supp.2d 103, 105 n. 1 (1998). *See generally Martin v. Bissonette*, 118 F.3d 871, 874 (1st Cir. 1997) (recognizing that AEDPA would not apply to a habeas petition that was pending at the time of its enactment).

ord, the court finds no merit to these latter assertions. Therefore, the court will limit its evaluation to the photographic identification claim.

Following the analytical roadmap established in *O'Brien*, 145 F.3d at 25 n.6, the court finds that the governing rule regarding ineffective assistance of counsel claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There, the Supreme Court held that, in order to substantiate a claim of ineffective assistance, a petitioner must show not only that trial counsel made serious errors, but that those errors so prejudiced the defense that there is a reasonable probability that, but for the deficiencies, the outcome of the proceeding would have been different. *Id.* at 687, 694, 104 S.Ct. 2052. In order for habeas relief to be granted, a petitioner must show that the state court's rejection of his ineffective assistance of counsel claim was "contrary to" this standard.

■ Petitioner is not constitutionally guaranteed a successful or perfect defense. *Scarpa v. DuBois*, 38 F.3d 1, 8 (1st Cir.1994). Rather, Petitioner is simply entitled to "reasonably effective assistance under the circumstances." *United States v. Natanel*, 938 F.2d 302, 309–10 (1st Cir.1991). The acceptable range of reasonable professional assistance is "wide" and "[j]udicial scrutiny of counsel's performance on habeas review is highly deferential." *Id.* at 310 (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052).

Petitioner claims that his trial counsel made a serious error in failing to file a written motion to suppress the victim's identification of him as her attacker. To support this claim, Petitioner contends that the array of seven photographs presented to the victim was impermissibly suggestive. The cornerstone of Petitioner's argument is that the victim allegedly identified Petitioner as her attacker solely because the attacker had braided hair and Petitioner was the only man pictured who wore his hair in braids. If a written motion to suppress had been filed, Petitioner maintains, it likely would have succeeded and he would have been acquitted for lack of other material evidence linking him to the crime.

■ Petitioner's argument does not withstand scrutiny. In short, Petitioner's attorney cannot be said to have rendered ineffective assistance simply because he sought to suppress the victim's identification of Petitioner through oral rather than written motions.

Although Petitioner's trial counsel did not file a formal, written pre-trial motion to suppress, he repeatedly brought the issue to light at trial. During trial, Petitioner's counsel objected to Judge Welch's admission and consideration of the out-of-court identification, (App. Vol. 1 (Docket No. 07) at 138–39), and renewed his objection during his motion for a required finding of not guilty at the close of the Commonwealth's case, as well as during his own closing argument. (App. Vol. 2 (Docket No. 8) at 81, 84, 143–44.) Counsel described these efforts during the evidentiary hearing on Petitioner's motion for a new trial. (App. Vol. 3 (Docket No. 09) at 30–31.)

While Judge Welch never explicitly stated that he was treating counsel's objection as an oral motion to suppress, he made findings from the bench that the "array was a good representative array." (Resp. Supp. Ans. Exh. 1 at 5.) In a subsequent Memorandum dated June 7, 1991, Judge Welch set forth his reasoning and again concluded that "the array was a good assortment." (Id. Exh. 2 at 46.)

The Appeals Court addressed the issue in its decision affirming the denial of Petitioner's motion for a new trial. In so doing, the court characterized counsel's objections as an "oral motion." (Id. Exh. 4(a) at 1–3; Exh. 3 at 14.) Then, reviewing the identification issue on its merits, the court found that "the judge correctly admitted both the victim's in-court and out-of-court identification in evidence." (Exh. 4(a) at 2.) The court explained that, "[e]ven if the judge had found that the pretrial identification procedures were suggestive, the in-court identifications were admissible because they were based upon adequate observation of the defendant by the victim independent of those pretrial procedures." (Id. at 2–3.)

The fact that the Appeals Court reviewed the issue on its merits is significant. Had

Petitioner's trial counsel failed to object or move to suppress, the court's review would have been limited to whether a substantial miscarriage of justice occurred. *See Commonwealth v. Clark*, 378 Mass. 392, 393 N.E.2d 296, 299 & n.8 (Mass.1979); *Commonwealth v. Freeman*, 352 Mass. 556, 227 N.E.2d 3, 8 (1967). The court's use of the broader scope of review demonstrates that the trial court record amply reflected Petitioner's counsel's objection to the identification.

In order to show that the state courts ruled in a manner "contrary to" *Strickland*, Petitioner has to show that the alleged errors of his trial counsel prejudiced his defense such that there is a reasonable probability that, but for those deficiencies, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. If Petitioner could make this showing, the state court's rulings would be "contrary to" the standard set forth in *Strickland*. Again, the court is not persuaded by Petitioner's arguments.

To be successful at trial, defense counsel would have had "to show, by a preponderance of the evidence, that considering the totality of the circumstances attending it, the identification was so impermissibly or unnecessarily suggestive and conducive to irreparable misidentification as to deprive the defendant of his due process rights." *Commonwealth v. Thornley*, 406 Mass. 96, 546 N.E.2d 350, 352 (Mass.1989) (citing *Commonwealth v. Botelho*, 369 Mass. 860, 343 N.E.2d 876, 879–81 (1976)). According to Judge Welch and the Appeals Courts, both of which addressed the issue, Petitioner did not meet his burden. This court agrees.

■ An identification made from a photographic array, in which only one subject is pictured with a distinctive feature, may be admitted when the witness does not select that photograph due to the distinctive feature. A witness' testimony that she was not relying on the distinctive feature considerably neutralizes the suggestiveness of the array. *Thornley*, 546 N.E.2d at 353 (citing *Commonwealth v. Melvin*, 399 Mass. 201, 503 N.E.2d 649, 654 n.10 (1987) and *Commonwealth v. Mobley*, 369 Mass. 892, 344 N.E.2d

181, 184 (1976)). Here, when the victim was asked whether she had selected the photograph of Petitioner "just because of his hair," she testified "No, I knew it was him." (App. Vol. 1 at 74.) Thus, the victim unequivocally testified that she did not rely on the braids as an identifying characteristic.

It is evident from the record that a written motion to suppress would not have been any more successful than trial counsel's oral motion. The record is clear that the trial court treated counsel's objection as an oral motion to suppress, which the court denied from the bench and, later, in a written memorandum. (Resp. Supp. Ans. Exh. 1 at 5.) Reviewing the issue on the merits, the Appeals Court approved these rulings. (Id. Exh. 4(a) at 2.) Petitioner offers scant rationale for his assertion that a written motion would have led to a more favorable outcome. Likewise, there is no adequate proffer of a reasonable probability that defense counsel's alleged error prejudiced Petitioner's defense. Thus, habeas relief is inappropriate on this ground.

### B. *Confrontation Clause*

Petitioner also argues that a writ of habeas corpus should issue because his Confrontation Clause rights were violated when Judge Welch refused to compel the victim to testify at the post-conviction evidentiary hearing on Petitioner's motion for a new trial. Petitioner sought to examine the victim about her alleged criminal record and aliases. Judge Welch explained that the parties could "develop what records [they] wante[d] to develop or put in what proof." (Resp. Supp. Ans. Exh. 2 at 43.) He further explained that "if it turns out when [the evidence has] been presented that [the victim's] presence would be needed or helpful or would aid this motion, then we can order her to be brought in, but at this point, I'm not going to—I don't see any basis to ordering her to come in here on Friday." (Id.)

■ Again, the court has inquired "whether the Supreme Court has prescribed a rule that governs the petitioner's claim," that he was entitled to cross-examine the victim in a post-conviction collateral proceeding. *O'Brien*, 145 F.3d at 24. Although Petitioner directs the court to several cases which he

contends support his claim, none of the cases supports that particular proposition.

Three of the cases cited by Petitioner address only the right to cross-examine witnesses during trial, not at post-conviction evidentiary hearings. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987); *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). Another case cited by Petitioner, *Ponzi v. Fessenden*, 258 U.S. 254, 260, 42 S.Ct. 309, 66 L.Ed. 607 (1922), holds only that an individual "is entitled to be present at every stage of the trial ... with the full opportunity for defense." It does not establish that a defendant is entitled to cross-examine the alleged victim during a post-conviction proceeding. Likewise, the court itself has not found any precedent supporting the right claimed by Petitioner. Accordingly, the court has not applied a "contrary to" analysis to his claim.

As a result, the appropriate inquiry is "whether the state court's use of (or failure to use) existing law in deciding the petitioner's claim involved an 'unreasonable application' of Supreme Court precedent." *See O'Brien*, 145 F.3d at 24. In this respect, a habeas court may find an unreasonable application of existing precedent only when the state court decision is "so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes." *Id.* at 25.

In the present matter, the court does not find that the state courts' use of existing law was offensive to existing precedent. Thus far, the right to confrontation has been addressed as a trial right only. *See Green*, 399 U.S. at 157, 90 S.Ct. 1930 ("[I]t is this literal

right to 'confront' the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause."); *Barber v. Page*, 390 U.S. 719, 725, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968) ("The right to confrontation is basically a trial right."). Accordingly, it was not unreasonable for Judge Welch to have denied Petitioner's motion to compel the victim to testify in a post-conviction evidentiary hearing. In fact, pursuant to Massachusetts criminal rules, the state trial court may not only refuse to hold an evidentiary hearing on a motion for new trial, but is vested with discretion to decide such a motion on the basis of affidavits or oral testimony. *See* Mass. R. Crim. P. 30(c)(3). Thus, it is clear that Judge Welch's refusal, if it indeed amounted to a refusal, did not amount to an unreasonable application of precedent and habeas relief ought not be available.

## IV. *CONCLUSION*

After a careful review of the record and an analysis of Petitioner's claims, the court discerns little substance to Petitioner's claim that he received ineffective assistance of counsel. Further, the court finds that Petitioner's rights were not violated when Judge Welch refused to compel the victim to testify at the hearing on Petitioner's motion for new trial. In short, Petitioner has not proven that he is being confined in violation of his rights under the Constitution of the United States. For these reasons, the court recommends that Petitioner's request for a writ of habeas corpus be DENIED.[2]

**2.** The parties are advised that under the provisions of Rule 3(b) of the Rules for.United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this court within ten (10) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the

basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *Park Motor Mart v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn*, 474 U.S. 140, 154–55, 106 S.Ct. 466, 88 L.Ed.2d 435

(1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.