**UNITED STATES of America, Plaintiff,**

v.

**Donald HARRIS, Defendant.**

**Cr. No. 72-722.**

United States District Court,
N. D. Ohio, E. D.

Dec. 13, 1972.

Frederick M. Coleman, U. S. Atty., John S. Wilbur, Jr., Special Atty., Office of Drug Abuse Law Enforcement, Dept. of Justice, Cleveland, Ohio, for plaintiff.

Ignatius B. Trombetta, Cleveland, Ohio, for defendant.

### ORDER

KRUPANSKY, District Judge.

Upon consideration of the defendant's Motion to Suppress certain evidence which was seized by the Government during an alleged improper search, the Court finds as follows:

1. The building here in question is a residential three-family dwelling to which the City of Cleveland has assigned three addresses i. e., 9807 Dickens Avenue, 9809 Dick-

---

ens Avenue, and the third address is not apparent in the record.

2. The ground floor suite known as 9809 Dickens Avenue was occupied by Ronald Harris, his wife and two children.

3. The second floor suite known as 9807 Dickens Avenue was occupied by Donald Harris and his family.

4. The third floor suite was occupied by a third Harris brother and his family.

5. Each suite was an integral residential dwelling unit with separate ingress and egress and some common hall areas.

6. The Government agents and members of the Cleveland Police Department Narcotics Squad concede that as early as June, 1972, during a previous search of the dwelling, the physical configuration of the house and the fact that it was occupied by three different families became known to them.

7. It is conceded by all parties that the assigned street address numbers were visible, apparent, and posted above each front door entranceway to the respective independent residences.

The Fourth Amendment to the U. S. Constitution provides that:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Construing the above language most favorably on behalf of the defendant, the Court is constrained to conclude that the agents being aware of the facts and circumstances surrounding the physical configuration of the residential dwelling here in question, and the fact that it was occupied by three distinct families, their failure to particularly describe the place to be searched and thereafter searching the entire building constitutes an illegal search and consequently an illegal seizure. In light of the foregoing, defendant's Motion to Suppress must be sustained.

Projecting the Government's argument to its ultimate conclusion would validate a search of each independent residential apartment in any of the existing multi-family apartments throughout the country by merely designating the building by an assigned general address without requiring the Government to describe with particularity the apartment or apartments wherein probable cause of a crime existed, thus, subjecting innocent individuals and families to unwarranted searches and seizures contrary to the intent and purpose of the Fourth Amendment. Consequently all items seized as a result of the search in areas other than upon the premises of the suite designated as 9809 Dickens Avenue are hereby suppressed as evidence in this cause. *See,* U. S. v. Esters, 336 F.Supp. 214 (E.D.Mich.1972).

It is so ordered.