JOURNAL ENTRY and OPINION
Appellant Mildred Smith appeals from the trial court's denial of her motion to suppress crack cocaine found by the police while executing a search warrant at 3396 East 114th Street, Cleveland, Ohio. Smith assigns the following as errors for our review:
 I. EVIDENCE OBTAINED DURING THE EXECUTION OF THE WARRANTED SEARCH OF THE PREMISES SHOULD HAVE BEEN SUPPRESSED BECAUSE THE POLICE FAILED TO IDENTIFY THEIR PURPOSE BEFORE BREAKING OPEN THE DOOR TO THE PREMISES.
 II. EVIDENCE FOUND DURING THE EXECUTION OF THE SEARCH WARRANT SHOULD HAVE BEEN SUPPRESSED BECAUSE THE WARRANT WAS OVERLY BROAD AS A RESULT OF ITS AUTHORIZATION TO SEARCH "ALL PERSONS" FOUND ON THE PREMISES AND ITS INCLUSION OF THE ENTIRE HOUSE WHEN PROBABLE CAUSE ATTACHED ONLY TO THE DOWNSTAIRS APARTMENT.
 III. THE EVIDENCE SHOULD HAVE BEEN SUPPRESSED BECAUSE THE ISSUANCE OF AND [SIC] "ALL PERSONS' [SIC] WARRANT IS PER S.E. UNCONSTITUTIONAL.
 IV. ASSUMING, ARGUENDO, THAT THIS COURT DETERMINES THAT THE SUPPRESSION ISSUES RAISED HEREIN WERE NOT SUFFICIENTLY PRESENTED TO THE TRIAL COURT, THEN MILDRED SMITH WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.
Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
During surveillance of a residential two-unit building located at 3396 East 114th Street, the Cleveland Police observed a significant amount of people entering the building, staying for a short period of time, and then leaving. Based upon a reasonable suspicion that these short-term visitors were purchasing illegal drugs, the police arrested two individuals possessing crack cocaine. One of the arrestees told the police they purchased the drugs at a residence located in the suspect building.
Based upon this information, Officer Robert Pirinelli swore-out an affidavit for a warrant to search the location for illegal drugs. The issued warrant permitted the search of the building and "all persons" located within it.
At approximately 3:00 A.M. on September 27, 2000, the police executed the search warrant. Upon entering one unit of the house, the police discovered Smith sleeping in a bed.[1] The police seized a purse laying on the floor next to Smith in which they discovered crack cocaine. The police arrested Smith who was later indicted on seven counts including Possession of Drugs, Preparation of Drugs for Sale, and Possessing Criminal Tools.
Smith pled "not guilty," and filed a motion to suppress the crack cocaine found in her purse based upon theories that the warrant unconstitutionally permitted the search of "all persons" at the residence, and that the police lacked the requisite reasonable suspicion to search Smith's purse. The trial judge denied Smith's motion, finding the search warrant and the search of Smith to be proper.
On May 9, 2001, the trial court journalized an entry reflecting that Smith had withdrawn her earlier plea and entered a plea of "no contest." The trial court found Smith guilty of Second Degree Felony Possession of Drugs under R.C. 2925.11. This appeal followed.
In her first assigned error, Smith argues the trial court should have suppressed the crack cocaine found in her purse because the police violated the "knock and announce" rule as codified in R.C. 2935.12. We disagree.
R.C 2935.12(A) provides as follows:
 When * * * executing a search warrant, the peace officer, law enforcement officer, or other authorized individual * * * executing the warrant * * * may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention to make the arrest or to execute the warrant or summons, he is refused admittance, * * *.
[Emphasis added].
Smith attempts to support her position with the following exchange between the prosecutor and Officer Pirinelli:
 Prosecutor: Did you return back to [3396 East 114th Street] at any particular time?
Officer Pirinelli: Yes, I did.
Q: Approximately what time?
A: Approximately three o'clock in the morning.
Q: And that was for the purpose of what?
 A: Executing a search warrant because we believed there were drugs in that house.
 Q: How did the execution of the search warrant unfold?
 A: There is me and several other members of the fourth district vice unit along with zone car personnel, we hit the front door with a ram. Stated "police" several times. Then we hit the door.
* * *
 A: I hit the door with the ram. Sergeant Williams let us in with the other people. I followed after him. We arrested three different people inside the house. And there were drugs found in three or four separate, different locations in that house on individuals and in other parts of the house along with a weapon and some currency.
[Emphasis added].
At the outset, we note this case was never about the "knock and announce" rule; accordingly, Smith cannot torture it into such a case at this juncture. The focus of the suppression hearing was to determine whether the officers had probable cause to execute the search warrant and whether the search warrant stated with sufficient particularity who was to be searched. Neither the prosecutor nor Officer Pirinelli were particularly motivated to relay the precise details regarding whether the warrant was executed in compliance with the "knock and announce" rule. With this in mind, we determine it decidedly more likely that Officer Pirinelli provided a rudimentary answer to a seemingly inconsequential question when asked about the execution of the search warrant, rather than relayed the full process by which the police entered the home. Accordingly, Smith's first assigned error is without merit.
In her second assigned error, Smith argues the trial court erred by denying her suppression motion because the search warrant failed to state with sufficient particularity the persons and place to be searched. Specifically, Smith argues a warrant is constitutionally infirm if it calls for the search of "all persons," or of an entire building when only one apartment within that building is the subject of the suspicion leading to issuance of a warrant. We disagree with both arguments.
Although Smith's second assigned error was not specifically raised before the trial court, we treat it as properly before us since it speaks to her concern for probable cause which was raised before the trial court.
At a suppression hearing, the trial court assumes the role of trier of fact, thus determining the credibility of witnesses and weighing the evidence before it. Upon review of a trial court's decision to grant or deny a motion to suppress, we examine the record to determine whether substantial evidence exists to support the trial court's decision.[2]
The danger associated with "all persons" warrants is how nearly they tread on constitutionally prohibited "general warrants," which would empower the sovereign with the chilling power to conduct unfettered and arbitrary searches.
In State v. Kinney,[3] the Ohio Supreme Court affirmed an "all persons" search warrant after thoroughly explaining the concerns pertinent to an "all persons" search warrant. The supreme court began by stating that probable cause will more likely attach to an "all persons" warrant if the target of the search is a private residence rather than a public arena, and if the search intends to discover illegal drugs rather than evidence of many other crimes.[4] Nevertheless, the court left no doubt that the hallmark of a valid search warrant is the existence of probable cause.
 * * *, [a]n "all persons" clause may still be "carefully tailored to its justifications" if probable cause to search exists against each individual who fits within the class of persons described in the warrant. The controlling inquiry is whether the requesting authority has shown probable cause that every individual on the subject premises will be in possession of, at the time of the search, evidence of the kind sought in the warrant. If such probable cause is shown, an "all persons" provision does not violate the particularity requirement of the Fourth Amendment. Conversely, if the supporting affidavit does not show probable cause to search every person on a premises, an "all persons" authorization would violate both the particularity and probable cause requirement of the warrant clause.[5]
The court then found support for the search warrant at issue in Kinney
in the "small, private nature of the premises," a "pattern of people coming to the apartment for short periods, during daytime and nighttime hours," and the execution of the warrant at night.[6] Although these factors guided the court to believe that probable cause to search would likely attach to all persons present, the Ohio Supreme Court rejected a "per se rule that would find probable cause in all such cases."[7]
Rather the court, after articulating guidelines,[8] stated, "we do not intend to make the process of determining the sufficiency of an affidavit a hypertechnical one. When an `all persons' warrant is requested, determination of probable cause will still require practical, common-sense decision making by magistrates."[9]
Thus, our query under Smith's second assigned error is whether probable cause existed for the magistrate to issue an "all persons" search warrant. The affidavit in support of the search warrant tells us the premises is private and residential, the police had received numerous complaints about drug trafficking at the premises, the police had observed heavy traffic of people entering the building and then exiting after a short period of time, the police had arrested two individuals carrying crack cocaine soon after they had exited the premises, and the police executed the warrant during night hours, when visitors and other non-residents were unlikely to be present. Based upon these factors, which are strikingly similar to those in Kinney where the Ohio Supreme Court upheld the search warrant at issue, it is likely that only persons connected with the illegal drug activity would be present at the time the police executed the search warrant. Accordingly, probable cause would attach to all persons present, and the "all persons" clause in this search warrant comports with constitutional mandates.
Next, Smith asserts that the search warrant fails because it called for the search of the entire multi-unit building when the police had probable cause to search only one of the two units. Again, we disagree.
Smith asserts a correct proposition of law when she argues that search warrants generally are void if they describe a multi-unit building when probable cause to search attaches to less than all units.[10] However, this rule is not absolute.
 A description is sufficiently specific if "the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended." In the case of a multiple-family dwelling, the warrant must "describe the particular apartment to be searched with sufficient definiteness to preclude a search of other untis [sic] located in the building and occupied by innocent persons."[11]
The search warrant here stated, "With two front doors facing East and the door on the South side leading to the downstairs apartment there is now being unlawfully kept, concealed and possessed the following: Crack/cocaine, * * *." We feel this warrant provided the executing officers a sufficient description to preclude their search of any unit other than the downstairs apartment. In so doing, we determine that the search warrant comported with constitutional requirements for specificity.
For the foregoing reasons, Smith's second assigned error attacking both the "all persons" clause and specificity is without merit.
In her third assigned error, Smith states she "realizes that staredecisis compels this Court to follow Kinney and rule against Ms. Smith on this Third Assignment of Error. Nonetheless, the issue is hereby being preserved for further appellate and collateral recourse." We treat this statement as waiver. Accordingly, we decline to address the merits of Smith's third assigned error.
In her fourth assigned error, Smith argues her trial counsel rendered ineffective assistance by not raising the "knock and announce" issue. We disagree.
In order to prevail on a claim of ineffective assistance of counsel, Smith first must show that her trial counsel's performance fell below an objective standard of reasonableness, and second that the deficient performance caused such prejudice that she was deprived a fair trial.[12]
An essential element of an ineffective assistance of counsel claim is a showing that, but for trial counsel's alleged errors, there is a substantial probability that the outcome of the trial would have been different.[13]
Smith does not overcome the burden of showing her counsel performed below an objective standard of reasonableness. First, as we discussed in our treatment of Smith's first assigned error, the record does not support a violation of the "knock and announce" rule. Thus, Smith's counsel did not ignore an explicit issue or an obvious defense. Second, the police officer's testimony regarding the warrant's execution was entirely tangential to the issues brought to the court in Smith's motion to suppress, and did no more than open the door for Smith to infer the police failed to "knock and announce." We have no clear evidence that the police violated the "knock and announce" rule.
Further, to find counsel was ineffective under these facts would be to place an unrealistic standard upon trial counsel to micro-analyze testimony as it is given for even a possibility of a defense argument. The purpose of the hearing was to determine the propriety of the search warrant. Smith's counsel vigorously represented her client on this issue. To decide that her failure to discover an obscure potential issue as it arose during a hearing amounts to ineffective assistance of counsel would be to far exceed the objective standard of reasonableness we must apply.
Accordingly, we have no basis to determine Smith's counsel rendered ineffective assistance, and Smith's fourth assigned error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] Smith resided at a different address; she was staying the night at her daughter's home at 3396 East 114th Street.
[2] State v. Robinson (1994), 98 Ohio App.3d 560, 649 N.E.2d 18, citingState v. Brown (1993), 91 Ohio App.3d 427, 429, 632 N.E.2d 970, 972;State v. Rossiter (1993), 88 Ohio App.3d at 166, 623 N.E.2d at 648.
[3] State v. Kinney (1998), 83 Ohio St.3d 85, 698 N.E.2d 49.
[4] Id. at 91, 54.
[5] Id. at 91-92, 54.
[6] Id. at 93, 55-56.
[7] Id. at 93-94, 55-56.
[8] See Kinney at 95-96, 56-57.
[9] Id. at 96, 57, citing State v. George (1989), 45 Ohio St.3d 325,544 N.E.2d 640, paragraph one of the syllabus.
[10] State v. Shell 1981 Ohio App. LEXIS 13501 (Nov. 12, 1981), Cuyahoga App. Nos. 43353, 43354, and 43355, unreported, citing UnitedStates v. Votteller (6th Cir. 1976), 544 F.2d 1355; and United States v.Harris (N.D.Ohio. 1972), 365 F. Supp. 261, aff'd (6th Cir. 1973), 486 F.2d 1404.
[11] Shell, supra. Citations omitted.
[12] State v. Madrigal (2000), 87 Ohio St.3d 378, 397, 721 N.E.2d 52,70, reconsideration denied (2000), 88 Ohio St.3d 1428, 723 N.E.2d 1115, citing Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258,111 L.Ed.2d 768.
[13] State v. Lindsey (2000), 87 Ohio St.3d 479, 489, 721 N.E.2d 995,1007, reconsideration denied (2000), 88 Ohio St.3d 1438,724 N.E.2d 812.